John E. MILLER, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 709,2002.

Supreme Court of Delaware.

Submitted: Oct. 31, 2003.
Decided: Dec. 23, 2003.
Reargument Denied Feb. 9, 2004.

John E. Miller, pro se.

John Williams, Esquire, Department of Justice, Dover, Delaware, for Appellee State of Delaware.

Before HOLLAND, STEELE and JACOBS, Justices.

HOLLAND, Justice.

The defendant-appellant, John E. Miller, filed an appeal from the Superior Court's December 2, 2002 order denying his motion for postconviction relief. The Court has before it for consideration the briefs on appeal and the record below.

On April 13, 1998, Miller pleaded guilty to Robbery in the First Degree. He was later sentenced as an habitual offender[1] to thirty years incarceration at Level V, to be followed by six months of Level IV work release. This Court affirmed Miller's conviction and sentence on direct appeal.[2] Miller subsequently filed a motion for correction of sentence, which the Superior Court denied.

### Issues on Appeal

In the instant appeal, Miller asserts several claims that may fairly be summarized as follows: a) his guilty plea was involuntary because his counsel incorrectly advised him that he was not eligible for sentencing as an habitual offender; b) his counsel provided ineffective assistance by permitting him to plead guilty to Robbery in the First Degree, where there was no evidence that a deadly weapon was displayed and he did not resemble the description of the perpetrator in the police report; and c) responsibility for the robbery lies with Probation and Parole, which failed to properly supervise him while he was on probation. To the extent Miller has not argued other grounds to support his appeal that were previously raised, those grounds are deemed waived and will not be addressed by this Court.[3]

### Guilty Plea Voluntary

The transcript of the April 13, 1998 guilty plea hearing reflects that the prosecutor began the proceedings by stating, "Your Honor, by the terms of Mr. Miller's plea agreement, he has agreed to enter a guilty plea .... The State is recommending a presentence investigation and will file an habitual offender petition. And that concludes the plea agreement." Defense counsel then stated, "... one of the things that we're concerned about obviously is this habitual offender [petition]. And I took an opportunity before we entered the plea to review, in JIC,[4] the various dates of conviction and sentencing. And ... the dates are such that he really only has two sentencing dates, although there are three prior felonies. And my understanding of

1. Del.Code Ann. tit. 11, § 4214(a) (2001).

2. *Miller v. State*, No. 420, 1998, 1999 WL 636623 (Del. Aug. 4, 1999).

3. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). In the Superior Court, Miller also argued that he was improperly prevented from making objections at trial, counsel was ineffective for failing to assist him at trial, counsel was ineffective for failing to raise issues on direct appeal, prison overcrowding prevented him from raising issues on direct appeal, the Delaware Supreme Court did not properly address his issues on direct appeal, the Superior Court should not have granted a continuance to the State to file a motion to have him declared an habitual offender, and the Superior Court sentenced him with a closed mind.

4. The State of Delaware Judicial Information Center.

the habitual offender act … is that he will not be an habitual offender."

The Superior Court judge then conducted the plea colloquy with Miller, confirming that he had some college education, that he had read, signed and understood the plea agreement, that he had committed the crime to which he was pleading guilty, that no one had promised him what his sentence would be, that he could receive up to twenty years incarceration, and that, if his attorney were incorrect and he qualified as an habitual offender, he was subjecting himself to a possible life sentence. Defense counsel then added, "So the record is clear, Your Honor, he also understands that, under the present habitual offender act, that if I were wrong, the sentence in fact would include a minimum of 20 years, up to life in jail." The judge then asked Miller if he understood that and Miller stated, "Yes."

By the time of the August 28, 1998 sentencing hearing, both the prosecutor and defense counsel agreed that Miller's record of prior convictions qualified him for habitual offender status. After moving to dismiss his counsel, Miller again admitted that he had committed the robbery and made a lengthy statement disputing the contents of the presentence report. The judge then asked him if he had any basis for disputing the offenses or dates underlying the State's petition to have him declared an habitual offender, to which Miller replied, "No." Following argument by the State that a life sentence should be imposed and argument by defense counsel that no more than twenty years should be imposed, the Superior Court judge imposed a thirty-year Level V term.

The transcript of the guilty plea colloquy refutes Miller's claim of an involuntary guilty plea. While defense counsel stated his belief that Miller's record did not warrant a declaration of habitual offender status, the subsequent colloquy with the judge and counsel clearly placed Miller on notice of the consequences of his plea should his counsel be incorrect. The transcript reflects that Miller understood the nature of the plea and its consequences, was satisfied with the representation provided by his counsel, and knowingly, intelligently and voluntarily entered the plea. Absent clear and convincing evidence to the contrary, Miller is bound by the representations he made at the time the plea was entered.[5] To the extent Miller argues that his counsel was responsible for his rejecting a prior plea offer that would not have required him to be sentenced as an habitual offender, there is no factual support for that contention in the record.

### Counsel's Assistance Effective

▮ In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[6] In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show that, but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial.[7]

5. *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).

6. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

7. *Somerville v. State,* 703 A.2d at 631.

There is no evidence that any alleged error on the part of counsel, either prior to or in connection with the guilty plea hearing, altered the outcome of Miller's case. The record reflects that Miller admitted he committed the robbery, both at the plea hearing and the sentencing hearing. Under such circumstances, defense counsel cannot be charged with error in failing to argue a lack of evidence supporting Miller's commission of the crime. There is, moreover, nothing in the record to suggest that Miller would have decided not to plead guilty if his counsel had told him at the time of his plea that he qualified as an habitual offender. Nor is there any evidence that Miller would have received a lesser sentence if he had proceeded to trial. Finally, to the extent Miller bases his claims on alleged errors or defects preceding the entry of the plea, his voluntary guilty plea constitutes a waiver of any such claims.[8]

### *Miller's Own Responsibility*

In his third claim Miller argues that the robbery was the fault of Probation and Parole. He contends that the robbery occurred when he was on probation and he would not have committed the crime if Probation and Parole had supervised him properly. This argument is without merit because there are no facts to support it and because Miller may not avoid responsibility for his own actions in committing the crime of which he was convicted.

### *Conclusion*

The judgment of the Superior Court is affirmed.

---

8. *Downer v. State,* 543 A.2d 309, 312–13 (Del. 1988).