NATHANIEL G. ALLEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 213, 2007.
Supreme Court of Delaware.
Submitted: October 19, 2007.
Decided: January 14, 2008.
Before STEELE, Chief Justice, BERGER, and JACOBS, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 14th day of January 2008, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Nathaniel Allen (Allen), pled guilty to one count of possession with intent to deliver. In exchange for his plea, the State dismissed four other charges against him. The Superior Court sentenced Allen to a period of fifteen years at Level V incarceration, to be suspended after a three-year minimum mandatory prison term followed by six months at Level IV home confinement and one year at Level III probation. This is Allen's direct appeal.
(2) Allen's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Allen's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Allen's attorney informed him of the provisions of Rule 26(c) and provided Allen with a copy of the motion to withdraw and the accompanying brief. Allen also was informed of his right to supplement his attorney's presentation. In response, Allen contends that the drugs seized by police, as well as Allen's statements to police, should have been suppressed. The State has responded to Allen's argument, as well as the position taken by Allen's counsel, and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]
(4) The record reflects that Allen's guilty plea was knowing, intelligent, and voluntary.[1] He acknowledged his understanding of the rights he was waiving by pleading guilty, including the right to contest evidence against him. In response to the trial court's inquiry, Allen stated that he was pleading guilty to the charged offense because, in fact, he was guilty. Allen now is bound by the answers he provided under oath at the guilty plea hearing.[2] His voluntary guilty plea constitutes a waiver of any alleged errors occurring prior to the entry of his plea.[3]
(5) This Court has reviewed the record carefully and has concluded that Allen's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Allen's counsel has made a conscientious effort to examine the record and the law and has properly determined that Allen could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[*] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[1] See Miller v. State, 840 A.2d 1229, 1230-31 (Del. 2003).
[2] Somerville v. State, 703 A.2d 629, 631 (Del. 1997).
[3] Miller v. State, 840 A.2d at 1232.