IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

 IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE, )
 )
 v. ) Cr. ID No. 0909002859
 )
SALAAT ISLAM, )
 )
 Defendant. )

 Submitted: August 28, 2014
 Decided: November 25, 2014

 Upon Consideration of Defendant’s Motion
 For Postconviction Relief, DENIED.
 Upon Counsel’s Motion to Withdraw, GRANTED.

 OPINION

Matthew Frawley, Deputy Attorney General, Department of Justice, Wilmington,
Delaware, Attorney for the State.

Saagar B. Shah, Esquire, Wilmington, DE, Attorney for the Defendant.

Salaat M. Islam, James T. Vaughn Correctional Center, Smyrna, Delaware.

MEDINILLA, J.
 INTRODUCTION

 On June 15, 2010, Defendant Salaat Islam (“Defendant”) pleaded guilty to

two counts of Robbery First Degree, two counts of Assault Second Degree, and

one count each of Possession of a Firearm during the Commission of a Felony and

Conspiracy Second Degree. On October 22, 2010, this Court sentenced Defendant

to 15 years at Level V incarceration, including 11 years of minimum mandatory

time, with a period of probation to follow. Defendant filed the instant Motion for

Postconviction Relief on November 6, 2013. Defendant’s appointed counsel filed

a Motion to Withdraw on June 18, 2014, on the grounds that there are no

meritorious claims which can be ethically advocated. For the reasons that follow,

Defendant’s Motion for Postconviction Relief is DENIED and Counsel’s Motion

to Withdraw is GRANTED.

 FACTUAL AND PROCEDURAL HISTORY

 On September 3 and 4, 2009, the Wilmington Police Department were called

to investigate three separate robberies involving two individuals who were later

identified as the Defendant and his co-defendant, Kevin Martin.

 The first robbery took place shortly before midnight on September 3 on

West Fifth Street in Wilmington. One of the assailants was armed with a black

 2
lever-action rifle and the other demanded the victim turn over the contents of his

pockets, including a cell phone and five dollars.

 The second robbery took place just after midnight on September 4 on North

Clayton Street in Wilmington. Two individuals,1 one armed with a black lever-

action rifle, approached five men and instructed them not to move. The unarmed

individual took a wallet with $60 cash from one of the victims. A second victim

attempted to grab the rifle from the armed assailant, but was shot in the chest and

upper torso. A third victim was also shot in the face, and the unarmed assailant

took $57 from his person after he fell to the ground.

 The third robbery took place at approximately 3:00 am on September 4 on

East Tenth Street in Wilmington. A man, later determined to be the Defendant,

approached three men and asked for a cigarette. The three men ignored Defendant

while a second man, later determined to be Kevin Martin, appeared from behind a

van armed with a black rifle. Martin pointed the rifle at the three men while

Defendant demanded that the victims remove all their clothing and give up their

belongings. Defendant flaunted his tattoos and bragged about his membership in

the “Bloods” street gang. When one of the victims attempted to flee, Martin shot

him in the hip, calf, and ankle.
1
 Wilmington Police arrested a man who was identified by one of the victims as one of the
assailants on September 5, 2009. This suspect was apparently ruled out because he was released
and the charges were nolle prossed on September 10, 2009.
 3
 Police assembled a photographic array of 30 known members of the

“Bloods” street gang. At the hospital, the victim shot during the third robbery

positively identified Defendant as one of the two men involved. A second victim

of that same robbery also independently identified Defendant from the

photographic lineup.

 During a taped, post-Miranda interview with Wilmington Police on

September 9, 2009, Kevin Martin confessed to the three robberies and implicated

Defendant as his co-conspirator. A search of Kevin Martin’s residence uncovered

a black lever-action rifle that matched the casings found at the scenes of the second

and third robberies. Defendant also gave a taped, post-Miranda interview at the

City of Chester probation office where he was serving probation. Defendant was

arrested by Wilmington Police on September 24, 2009.

 On October 30, 2009, a Grand Jury indicted Defendant and Kevin Martin on

charges to include 25 felonies and one misdemeanor for their alleged involvement

in the three robberies. On June 15, 2010, Defendant entered a guilty plea to

Robbery First Degree, two counts of Assault Second Degree, and one count each

of Possession of a Firearm during the Commission of a Felony and Conspiracy

Second Degree. During the plea colloquy, Defendant acknowledged his guilt of

these offenses. This Court accepted Defendant’s plea as being knowing,

 4
intelligent, and voluntary. On October 22, 2010, this Court sentenced Defendant to

20 years at supervision Level V, of which 11 years are minimum mandatory, to be

suspended after 15 years with a period of probation to follow.

 Defendant filed this Motion for Postconviction Relief on November 6, 2013.

Defendant’s sole claim is that his trial counsel rendered ineffective assistance

because he failed to discover and disclose that Defendant was incarcerated in

Pennsylvania at the time of the three robberies to which he pleaded guilty. As this

is his first motion, counsel was appointed for the purpose of representing

Defendant pursuant to Rule 61(e)(1) (“Rule 61 Counsel”). Rule 61 Counsel filed a

Motion to Withdraw as Counsel on June 18, 2014. In order to thoroughly evaluate

Defendant’s Rule 61 Motion, and Rule 61 Counsel’s Motion to Withdraw, this

Court enlarged the record by directing Defendant’s trial counsel to submit an

affidavit responding to Defendant’s claims. Trial Counsel’s affidavit was filed on

August 28, 2014.

 5
 DISCUSSION

 MOTION TO WITHDRAW AS COUNSEL

 This Court will first consider Defense Counsel’s Motion to Withdraw. Rule

61(e)(2) provides:

 If counsel considers the movant's claim to be so lacking
 in merit that counsel cannot ethically advocate it, and
 counsel is not aware of any other substantial ground for
 relief available to the movant, counsel may move to
 withdraw. The motion shall explain the factual and legal
 basis for counsel's opinion and shall give notice that the
 movant may file a response to the motion within 30 days
 of service of the motion upon the movant.

 In his Motion to Withdraw, Rule 61 Counsel represents that he has

undertaken a thorough analysis of the record and determined that Defendant’s

claims are not sufficiently meritorious to be ethically advocated.2 Rule 61 Counsel

further represents that his careful review of the record revealed no other

meritorious claims for relief available to Defendant.3 The Motion to Withdraw

includes a detailed description of both factual and legal bases for this opinion, and

gives Defendant proper notice of his right to respond within 30 days. Defendant

did not respond to the Motion to Withdraw.

2
 Motion to Withdraw at 1, 10, State v. Islam, Case No. 0909002859 (Del. Super. June 18, 2014).
3
 Id. at 11.
 6
 This Court also conducted its own review of the record, and is satisfied that

Rule 61 Counsel properly determined that Defendant does not have a meritorious

claim. 4 Defense Counsel’s Motion to Withdraw as Counsel is therefore

GRANTED.

 MOTION FOR POSTCONVICTION RELIEF

 Defendant seeks relief pursuant to Rule 61 based on a claim of ineffective

assistance of trial counsel. Specifically, Defendant contends that trial counsel

failed to properly investigate and notify the State that Defendant was incarcerated

in Pennsylvania during the time of the alleged robberies.

 I. Procedural Bars

 Prior to addressing the substantive merits of any claim for postconviction

relief, the Court must first determine whether Defendant has met the procedural

requirements of Superior Court Criminal Rule 61. 5 If a procedural bar exists, then

the claim is barred, and the Court should not consider the merits of the claim. 6

Specifically, Rule 61(i) imposes four procedural imperatives: (1) the motion must

be filed within one year of a final order of conviction; (2) any basis for relief must

have been asserted previously in a prior postconviction proceeding; (3) any basis

4
 Roth v. State, 2013 WL 5918509, at *1 (Del. 2013).
5
 Younger v. State, 580 A.2d 552, 554 (Del. 1990).
6
 Id.
 7
for relief must have been asserted at trial or on direct appeal as required by the

court rules unless the movant can show cause for relief and prejudice to his rights;

and (4) any basis for relief must not have been formally adjudicated in any

proceeding.

 The Court considers the four mandates and finds that Defendant is

procedurally barred under 61(i)(1)-(3). The instant motion was filed after the one-

year time bar under 61(i)(1). Because Defendant’s conviction resulted from a

guilty plea, Defendant did not assert his claim at trial or on direct appeal. This is

Defendant’s first Motion for Postconviction Relief, however, and none of the

claims put forth in this motion were previously asserted.

 Procedural bars to relief can be overcome if Defendant’s claim falls within

the exception set forth under Rule 61(i)(5):

 The bars to relief in paragraphs (1), (2), and (3) of this
 subdivision shall not apply to a claim that the court
 lacked jurisdiction or to a colorable claim that there was
 a miscarriage of justice because of a constitutional
 violation that undermined the fundamental legality,
 reliability, integrity or fairness of the proceedings leading
 to the judgment of conviction.

 The “miscarriage of justice” or “fundamental fairness” exception contained

in Rule 61(i)(5) is “[a] narrow one and has been applied only in limited

 8
circumstances.”7 One such occasion is where the defendant alleges that the

assistance of his trial counsel was so ineffective as to prejudice his constitutional

rights. This Court will, therefore, entertain the merits of his motion pursuant to

Rule 61(i)(5).

 II. Defendant’s Claim

 a. Ineffective Assistance of Counsel

 Defendant’s sole claim is that the assistance of his trial counsel was

ineffective because due diligence would have revealed the fact that Defendant was

incarcerated in Pennsylvania on September 3 and 4, 2010 – the date of the

robberies to which Defendant pleaded guilty.

 Defendant argues that he had a valid basis to assert an alibi defense, that his

attorney failed to pursue said defense, and as such, he makes a claim for ineffective

assistance of counsel. In order to prevail on an ineffective assistance of counsel

claim, a defendant must meet the two-pronged Strickland test by showing that

counsel performed at a level below an objective standard of reasonableness, and

7
 Younger, 580 A.2d at 555 (citing Teague v. Lane, 489 U.S. 288, 297-99 (1989)) (emphasis
added).
 9
that the deficient performance prejudiced the defense.8 That is, counsel’s deficient

performance was so prejudicial as to undermine faith in the outcome. 9

 In this case, Defendant’s argument that trial counsel was ineffective is

without any factual support whatsoever. The record is devoid of evidence to

support Defendant’s contention that he was incarcerated in Pennsylvania at the

time of the robberies. First, Defendant gave a statement to Wilmington Police on

September 9, 2009 at the City of Chester Probation Office where Defendant was a

probationer at the time. 10 Defendant was on probation, and not incarcerated, on

September 3 and 4, 2009. Defendant’s trial counsel states in his affidavit to this

Court that Defendant’s claim is “contrary to the evidence presented and the facts

made available” at the time Defendant entered his guilty plea. 11 Defendant

admitted his guilt for these crimes and his plea was accepted as knowing, voluntary

and intelligent. Finally, after diligently investigating Defendant’s claim, Rule 61

Counsel represents to this Court that Defendant’s claim “fails on the facts.”

Considering these facts and its own careful consideration of the record, this Court

finds Defendant’s claim to be entirely without merit.

8
 Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).
9
 Hill v. Lockhart, 474 U.S. 52, 59 (1985).
10
 Pursuant to the Interstate Compact Agreement, Defendant was serving probation in
Pennsylvania on a sentence imposed by this Court in Delaware.
11
 Under Delaware law, there is a strong presumption that defense counsel’s conduct constitutes
a sound trial strategy. Miller v. State, 840 A.2d 1229, 1232 (Del. 2003).
 10
 Conclusory allegations are insufficient to establish a claim of ineffective

assistance of counsel. 12 Defendant simply cannot substantiate his claim that he

was incarcerated at the time of these crimes. Even if he had been, he fails to make

out a claim that the assistance of his trial counsel fell below an objective standard

of reasonableness, or that such conduct resulted in prejudice to his defense.

Accordingly, Defendant has not established a violation of his Sixth Amendment

rights and fails to establish that there was a miscarriage of justice because of a

constitutional violation pursuant to Rule 61(i)(5).

 After carefully reviewing the record, this Court agrees with Rule 61 Counsel

that Defendant can assert no other meritorious claims for relief. Accordingly,

Defendant’s Motion for Postconviction Relief is DENIED, and Rule 61 Counsel’s

Motion to Withdraw is GRANTED.

 IT IS SO ORDERED.

 /s/ Vivian L. Medinilla
 Judge Vivian L. Medinilla

 cc: Prothonotary

12
 See Younger, 580 A.2d at 556 (“[defendant] has made no concrete allegations of “cause” . . .
and thus, does not substantiate to any degree such a claim.”).
 11