# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1407023965 |
| | ) | |
| DALE K. McNEILL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 18, 2016
Decided: October 11, 2016

**Upon Defendant's Motion for Post-Conviction Relief: DENIED**

This 11th day of October, 2016, upon consideration of Defendant's Motion for Post-Conviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1.    On July 29, 2014, Dale K. McNeill was arrested following a search of his motel room. At the time of the search, McNeill was on Level II probation as a result of 2010 convictions for forgery and conspiracy.[1] The search was conducted after Probation Officer William DuPont learned that McNeill was staying in the Dutch Inn Motel, contrary to the address he had provided to probation. According to the motel's records, McNeill had been registered there since July 22, 2014.[2] A "Safe Streets" team entered McNeill's motel room on July 29, 2014. They found

---

[1] See I.D. Nos. 1001004788 and 1001020304.
[2] See State v. McNeill, 2015 WL 1880968 (Del. Super. Apr. 23, 2015).

him in the room and, during a protective sweep for weapons, found heroin. After obtaining permission from a probation supervisor, DuPont conducted an administrative search of the room and a rental vehicle parked outside the room. Drug paraphernalia and drugs were found during that search.[3]

2.    In addition to being indicted on new charges, McNeill also was charged with violating the probation he then was serving for his 2010 convictions. On October 22, 2014, the Court held a contested violation of probation hearing and received testimony from the State regarding the evidence found in the motel room.[4] At the conclusion of the hearing, the Court adjudged McNeill guilty of violating his probation and sentenced him, effective July 29, 2014, to a total of four years of unsuspended Level V time, followed by periods of partial incarceration and probation.[5] McNeill filed a motion to modify his violation of probation sentence under Superior Court Criminal Rule 35. That motion was denied by the sentencing judge.[6]

3.    In the meantime, pretrial proceedings continued for the new charges filed against McNeill. On January 23, 2015, McNeill's counsel, Joseph M. Leager, Jr. ("Trial Counsel"), filed a motion to suppress the drugs and other evidence found in McNeill's motel room on the basis that the probation officers lacked reasonable

---

[3] *Id.*
[4] *See* D.I. 11.
[5] *State v. McNeill*, I.D. Nos. 1001004788 & 1001020304 (Del. Super. Oct. 22, 2014) (SENTENCING ORDER).
[6] *State v. McNeill*, I.D. Nos. 1001004788 & 1001020304 (Del. Super. Dec. 10, 2014) (ORDER).

2

suspicion to conduct an administrative search of the motel room (the "Motion to Suppress"). This Court took the Motion to Suppress under advisement after the hearing and issued its opinion denying the motion on April 23, 2015.[7]

4.    In August 2015, McNeill began making requests to be permitted to represent himself without Trial Counsel's assistance. After conducting a colloquy with McNeill, this Court granted his motion to proceed *pro se*. On the morning of trial, the Court engaged in a discussion with McNeill regarding trial procedures, the evidence the State intended to present, and the fact that, if convicted of drug dealing, McNeill would qualify as a habitual offender and would face a mandatory life sentence under subsection (b) of the habitual offender statute then in effect.[8] McNeill initially confirmed he wanted to proceed to trial and continue to represent himself, but shortly thereafter changed his mind and, after being granted an opportunity to speak with his wife, accepted a plea offer extended by the State.[9]

5.    Before accepting McNeill's plea, the presiding judge reviewed the plea paperwork and engaged in a detailed colloquy with McNeill regarding his decision to plead guilty. During the colloquy, the Court first reviewed the charges to which McNeill was pleading guilty. The Court read each relevant charge in the indictment, and McNeill admitted on the record that he had committed each such

---

[7] *State v. McNeill*, 2015 WL 1880968 (Del. Super. Apr. 23, 2015).
[8] *State v. McNeill*, I.D. No. 1407023965 (Del. Super. Sept. 17, 2015) (PLEA TRANSCRIPT) (hereinafter "Tr.") at 4-10.
[9] *Id.* at 10-11, 22, 27.

3

offense.[10] At the hearing, as well as on the Truth-in-Sentencing Guilty Plea form, McNeill denied that anyone had forced him to enter into the plea.[11] McNeill acknowledged that he voluntarily was waiving his constitutional rights, including the right to trial and the right to appeal, by pleading guilty.[12] McNeill acknowledged that the State intended to file a motion to declare him a habitual offender under subsection (a) of the habitual offender statute then in effect. The Court confirmed McNeill was aware that, as a result of his status as a habitual offender, he would face a potential life sentence for the drug dealing charge, but would not face any mandatory term of imprisonment because the State also agreed not to file a motion to declare him a habitual offender under subsection (b) of the statute.[13] Finally, McNeill acknowledged that he accepted the plea because he recognized the likelihood he would be convicted at trial and then would face a mandatory life sentence, without the possibility of probation or parole, under subsection (b) of the habitual offender statute.[14]

6. At the conclusion of that colloquy, the judge accepted McNeill's plea and found it was knowing, intelligent, and voluntary.[15] That judge requested a pre-sentence investigation. In the plea agreement offered by the State, the State agreed

---

[10] *Id.* at 27-28.
[11] *Id.* at 28-29, D.I. 48.
[12] Tr. at 29-30.
[13] *Id.* at 30-32.
[14] *Id.* at 33-35; 11 *Del. C.* § 4214(b) (2015).
[15] Tr. at 12.

4

to cap its recommendation for unsuspended Level V time at five years.[16] At sentencing on January 8, 2016, the Court granted the State's motion to declare McNeill a habitual offender under 11 *Del. C.* § 4214(a). McNeill was sentenced to four years at Level V for the drug dealing charge, and to six months at Level V, suspended for 1 year at Level III, for the drug paraphernalia charge.[17]

7.     McNeill filed this Motion for post-conviction relief on March 3, 2016. In it, he alleged he was entitled to relief because (i) the search of his motel room was illegal; (ii) he received ineffective assistance from Trial Counsel; and (iii) the judge who sentenced McNeill for violating his probation and for the charges in this case abused her discretion.[18] The Court ordered Trial Counsel to respond to the Motion by affidavit and further ordered the State to respond after Trial Counsel's affidavit was filed. Finally, the Court granted McNeill time to respond to the submissions by Trial Counsel and the State. McNeill responded to each such submission.[19]

## ANALYSIS

### A. Procedural bars to McNeill's claims

8.     Before addressing the merits of any claim for post-conviction relief, this Court first must determine whether the motion procedurally is barred under

---

[16] D.I. 48.
[17] D.I. 61.
[18] D.I. 64.
[19] D.I. 73, 76.

Rule 61.[20]  A motion for post-conviction relief may be barred for timeliness and repetition, among other things.  A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[21]  A defendant also is barred from filing successive motions for post-conviction relief.[22]  The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[23]  Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[24]

9.      Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based on claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[25]  Rule 61(d)(2) requires that the movant plead with particularity that (i) new evidence exists that creates a strong inference that the movant actually is innocent in fact of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review

---

[20] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[21] Super. Ct. Crim. R. 61(i)(1).
[22] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[23] *Id.* 61(i)(3).
[24] *Id.* 61(i)(4).
[25] *Id.* 61(i)(5).

by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

10. McNeill's Motion was filed less than a year after his sentence became final, and it therefore is timely. The Motion alleges ineffective assistance of counsel, which could not be raised at any earlier stage in the proceedings.[26] McNeill's other claims for relief have been waived or otherwise procedurally are improper, as explained below.

**B. McNeill's challenge to the search of the motel room**

11. McNeill first argues that the July 29, 2014 search of the motel room was illegal and conducted in violation of guidelines issued by Probation and Parole. McNeill disputes the factual findings made by this Court when it denied his Motion to Suppress; he contends the drugs were not found during a protective search for weapons, but instead were found during a full search of the room that was conducted without probable cause.[27]

12. This Court resolved McNeill's Motion to Suppress in its April 23, 2015 opinion. Even if the Court erred in its decision denying the Motion to Suppress (though there is nothing before me to support a finding of error), McNeill's guilty plea waived any claims based on errors or defects that occurred

---

[26] *Whittle v. State*, 138 A.3d 1149 (Del 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[27] D.I. 64, D.I. 76.

7

before entry of the plea.[28] McNeill's Motion for post-conviction relief therefore is denied as to this claim.

### C. McNeill's allegations of judicial abuse of discretion

13.    McNeill's claim of judicial abuse of discretion relates to the Court's finding that he violated probation and the associated October 22, 2014 sentence, as well as the sentence issued after his plea to drug dealing and possession of drug paraphernalia. McNeill argues the judge who presided over his contested violation of probation hearing erred by (i) failing to postpone the hearing until after the underlying charges were resolved, (ii) failing to give McNeill notice of the hearing date so his witnesses could be present, (iii) relying on testimony that he contends was not sufficient to support a finding that he violated the terms of his probation, and (iv) giving him an unfairly harsh violation of probation sentence.[29] McNeill further argues that, when that same judge sentenced him in this case, she was closed-minded, did not consider the presentence investigation, and was not the judge who accepted McNeill's plea.

14.    None of McNeill's claims of judicial abuse of discretion properly is raised by a Rule 61 motion filed in this case. As to McNeill's challenge to his

---

[28] *See Cooper v. State*, 2008 WL 2410404, at *1 (Del. Jun. 16, 2008); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).
[29] D.I. 76 at XI-XIII.

sentences, such claims do not fall under Rule 61, but rather under Rule 35.[30] If McNeill intends to seek reduction or modification of his sentence on those grounds, he may file Rule 35 motions in those cases, provided he can overcome the procedural bars to such motions. As to McNeill's challenge to the Court's finding that he violated probation for his 2010 convictions, such a challenge may not be made in this case, but instead must be made in those cases. Even if the challenge to that judgment of guilt properly was before the Court in this Motion, it would be barred for timeliness under Rule 61(i)(1).

**D. McNeill's claims of ineffective assistance of counsel**

15. McNeill raises the following contentions in support of his claim that Trial Counsel was ineffective: (1) Trial Counsel was prejudiced against McNeill because he refused to accept an early plea offer from the State; (2) Trial Counsel failed to file any motions on McNeill's behalf and failed to prepare a defense; (3) Trial Counsel failed to meet with McNeill to discuss the case; and (4) Trial Counsel "did everything in his power to help the State convict me."[31]

16. To prevail on a post-conviction claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must establish that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) but for

---

[30] *Compare* Super. Ct. Crim. R. 35 ("Correction or Reduction of Sentence"), *with* Super. Ct. Crim. R. 61(a) ("This rule governs the procedure on an application . . . seeking to set aside the judgment of conviction or a sentence of death . . . .").
[31] D.I. 64; *see also* D.I. 73.

9

counsel's unprofessional errors, there is a reasonable possibility the defendant would not have pleaded guilty and instead would have insisted on going to trial.[32] There is a strong presumption that counsel's representation was reasonable.[33] Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[34]

17. McNeill's first contention is that Trial Counsel was "prejudice[d]" against McNeill from their first meeting and exhibited that prejudice by failing to prepare the case, file motions, or communicate with McNeill. Most of those allegations are subsumed within later contentions and will be addressed below. McNeill's vague reference to Trial Counsel's "prejudice," without specific allegations in support, does not meet the standard necessary to establish ineffective assistance of counsel.[35] The only specific allegation McNeill makes on this point is that Trial Counsel told McNeill that "[counsel] don't care because at the end of the day, he still get[]s to go home to play his 'play-station games.'"[36] Assuming for the sake of argument that Trial Counsel made this statement,[37] McNeill fails to

[32] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[33] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[34] *Id.*; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).
[35] *See, e.g. Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) (holding that conclusory and unsupported assertions of ineffective assistance fail to establish that counsel acted unreasonably or that the defendant was prejudiced).
[36] D.I. 73 at V; D.I. 76 at X.
[37] Because McNeill did not raise this specific allegation in his initial Motion, Trial Counsel therefore did not have an opportunity to respond directly to it. The statement, if made, would be

allege or demonstrate that, but for Trial Counsel's unprofessional statement, McNeill would not have pleaded guilty.

18. McNeill next argues Trial Counsel was ineffective because he failed to prepare a defense of McNeill's case and failed to file any motions on his behalf. Portions of McNeill's argument in support of this claim relate to Trial Counsel's representation of McNeill during the violation of probation hearing. For the reasons set forth above, those contentions are not properly before the Court in this case.[38] As to Trial Counsel's representation of McNeill in this case, McNeill argues that Trial Counsel (i) withdrew a motion to dismiss without consulting with McNeill and lied about his reasons for doing so, (ii) initially refused to file the Motion to Suppress and later did a poor job pursuing that motion, and (iii) failed to meet with potential witnesses to prepare McNeill's defense of the charges.

19. As to McNeill's first contention regarding the motion to dismiss that Trial Counsel filed on October 16, 2014, McNeill confusingly argues that Trial Counsel falsely stated the motion was untimely and falsely stated no indictment had been obtained. Accepting McNeill's assertions for the sake of argument, McNeill does not explain how, but for Trial Counsel's conduct, McNeill would not have entered a guilty plea. A review of the record indicates the motion to dismiss

---

an unprofessional one, but it would be unfair to so conclude without first giving Trial Counsel an opportunity to respond.

[38] *See supra* ¶ 14.

11

was based on the absence of an indictment, and the State later obtained an indictment.[39]

20. As to McNeill's contentions regarding the Motion to Suppress, the record is clear that Trial Counsel did file a Motion to Suppress the evidence found in the motel room. McNeill disagrees with the arguments Trial Counsel advanced, and contends that a witness available to testify at the suppression hearing would have testified that McNeill "never moved from [his] address, and in[] fact on Sunday and Monday July 27th, [he] was at the [address registered with probation] cooking."[40] That Trial Counsel chose not to call this witness does not demonstrate that his representation of McNeill fell below an objective standard of reasonableness. Whether McNeill continued to maintain a residence at the address registered with probation would have little, if any, bearing on whether the probation officers had reasonable grounds to conduct a protective sweep or an administrative search when presented with motel registration records, McNeill's presence alone in the room, and McNeill's nervous and unusual response to the officers' presence.

21. With respect to McNeill's contention that Trial Counsel failed to prepare a defense of the case, McNeill's arguments do not identify with specificity what Trial Counsel failed to do in this regard. McNeill vaguely refers to witnesses

[39] *See* D.I. 5, 8.
[40] D.I. 73 at IV.

12

who would have testified at trial, without identifying those witnesses or indicating what testimony they would have provided. McNeill's vague contentions do not meet either of the elements necessary to sustain a claim of ineffective assistance of counsel.

22. McNeill's third argument is that Trial Counsel was ineffective because he failed to communicate with McNeill regarding important decisions and failed to keep him informed about the progress of the case. First, McNeill's allegations on this point are vague and do not meet the standard necessary to show that Trial Counsel's performance fell below an objective standard of reasonableness or that McNeill was prejudiced as a result. Second, Trial Counsel's affidavit indicates that he communicated with McNeill at court appearances, over video teleconference, and through letters. McNeill's allegations in support of this contention fail for lack of specificity and for failure to demonstrate that Trial Counsel's representation fell below an objective standard of reasonableness.

23. Finally, McNeill contends Trial Counsel "helped" the State, rather than McNeill. Other that repeating this conclusory statements several times, McNeill does not explain the basis for this contention. The record demonstrates that Trial Counsel filed motions on McNeill's behalf and communicated with him until he elected to proceed *pro se*. It ultimately was McNeill who chose to accept the plea agreement offered by the State. There is nothing in the record from which

this Court can conclude Trial Counsel assisted the State in its prosecution of McNeill.

For all the foregoing reasons, Dale K. McNeill's Motion for Post-Conviction Relief is **DENIED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Barzilai K. Axelrod, Deputy Attorney General
       Joseph M. Leager, Jr., Esquire
       Dale K. McNeill (SBI No. 00139984)