IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE DOLLARD, | § | |
| | § | |
| Defendant Below, | § | No. 34, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1710006721 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2020
Decided: May 11, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Jermaine Dollard, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Dollard's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In October 2017, Dollard and others were indicted on multiple charges arising from a drug dealing enterprise.  This indictment was followed by several

superseding indictments. The Superior Court denied Dollard's motions for reduction of bail and to suppress evidence. On September 4, 2018, Dollard pled guilty to conspiracy to commit racketeering, drug dealing cocaine, money laundering, and drug dealing oxycodone. During his guilty plea colloquy with the Superior Court, Dollard affirmed that no one threatened or forced him to plead guilty, he understood that he was waiving certain rights, including the right to a trial, and that he was guilty of conspiracy to commit racketeering, drug dealing cocaine, money laundering, and drug dealing oxycodone.

(3) The Superior Court followed the parties' sentencing recommendation and sentenced Dollard to three years of non-suspended Level V incarceration. Dollard did not appeal, but did file a motion to modify his sentence, a petition for a writ of habeas corpus, and a motion for correction of illegal sentence. The Superior Court denied the motions and petition.

(4) In June 2019, Dollard filed a timely motion for postconviction relief under Superior Court Criminal Rule 61. Dollard argued that: (i) there was no probable cause for the search warrant; (ii) his counsel was ineffective because he failed to notify him that the first indictment was dismissed and that there were superseding indictments, provide him with discovery, attack the absence of the police office witnesses at the suppression hearing, and move for reduction of bail after the indictments were dismissed; (iii) the Superior Court erred in denying the

2

motion to suppress; (iv) the telephones and telephone records were not authenticated; (v) his guilty plea was coerced; and (vi) Double Jeopardy. Dollard also filed a motion for appointment of counsel. Dollard subsequently sought to add claims that his counsel should have negotiated a different plea agreement, a probation officer should not have conducted surveillance of him, and malicious prosecution.

(5)     After receiving an affidavit from Dollard's counsel and the State's response, the Superior Court denied Dollard's motions. The Superior Court concluded that the ineffective assistance of counsel claims were without merit, Dollard could have raised the new claims in his original motion for postconviction relief, and there was no basis for appointment of counsel. This appeal followed.

(6)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[2] On appeal, Dollard refers to the claims he raised below, primarily focusing on his claims concerning the lack of probable cause for the search warrant and the denial of the motion to suppress.

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

(7) Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of the defendant's rights. To establish cause, the movant must demonstrate that an external impediment prevented him from raising the claim earlier.[3] To establish prejudice, the movant must show actual prejudice resulting from the alleged error.[4] Rule 61(i)(4) bars any ground for relief that was previously adjudicated. As the Superior Court recognized, Dollard's ineffective assistance of counsel claims were not procedurally barred.

(8) To support a claim of ineffective assistance of counsel, Dollard had to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[5] A defendant asserting a claim of ineffective assistance must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[6] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[7]

---

[3] *Id.* at 556.
[4] *Id.*
[5] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[6] *Younger*, 580 A.2d at 556.
[7] *Albury*, 551 A.2d at 59.

4

(9)    Having carefully considered the parties' submissions on appeal and the Superior Court record—including the affidavit filed by Dollard's former counsel in response to the allegations of ineffectiveness—we conclude that the Superior Court did not err in finding Dollard's ineffective assistance claims were without merit.  As to Dollard's claims that the search warrant was not supported by probable cause and that the Superior Court erred in denying his motion to suppress, those claims are procedurally barred by Rule 61(i)(4).  The record also reflects that Dollard's guilty plea was knowing, intelligent, and voluntary.  A defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors occurring before the entry of the plea.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).