# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     v.      )    I.D. No. 1711008021
     )
JOHN-TAI D. JOHNSON,      )
     )
     Defendant.      )

## <u>ORDER DENYING MOTION FOR POSTCONVICTION RELIEF</u>

Submitted: March 13, 2023
Decided: March 24, 2023

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

Kevin A. Gardner, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

John-Tai Johnson, Sussex Correctional Institution, Georgetown, Delaware, *Pro Se*.

**CONNER, J.**

# INTRODUCTION

This is the Court's decision on a *pro se* Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") by John-Tai Johnson ("Defendant"). Defendant seeks relief for two ineffective assistance of counsel claims.

# FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2021, Defendant entered a plea of guilty to Vehicular Assault in the First Degree and Driving Under the Influence. This Court conducted a thorough guilty plea colloquy with Defendant. During the plea colloquy Defendant confirmed that he understood his constitutional rights listed on the Truth-In-Sentencing Guilty Plea Form after conferring with his attorney, James Murray. Most important to this motion, Defendant confirmed that by pleading guilty he waived his constitutional rights, including the right to appeal with the assistance of an attorney.

Defendant returned to this Court on December 10, 2021, for sentencing. Defendant was sentenced to three years at Level V. Additionally, the Level V prison time was to be served without any benefit of early release pursuant to 11 *Del. C.* § 4204(k).

1

The charges stem from conduct that occurred on September 17, 2017. At approximately 11:15 a.m. Defendant was driving in the right lane headed southbound on Coastal Highway. For unknown reasons his vehicle abruptly turned right, exited the roadway, and struck the victim who was standing on the sidewalk. The vehicle then continued, hitting a fence and a tree before coming to a stop. The victim was transported to the hospital and remains paralyzed from the neck down.

Defendant was taken to Beebe Hospital for a blood draw. At the hospital, Defendant admitted to the nurse he had consumed PCP the morning of the incident. Defendant's blood draw results showed PCP, cocaine, and marijuana in his system at the time of the incident.

Defendant filed this instant Motion for Postconviction Relief on December 10, 2022. James Murray, Esquire, filed his affidavit on January 6, 2023. The State responded on January 10, 2023. Defendant then had until March 13, 2023, to file his reply. Defendant failed to file a reply leaving the Court to review the Motion based upon the current record.

## PROCEDURAL BARS

Before addressing the merits of a Rule 61 Motion, the Court must address the four procedural bars of Rule 61(i).[1] If a procedural bar is applicable, the merits

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).

of the claim need not be addressed.[2] Pursuant to Rule 61(i), a motion for postconviction relief can be barred for time limitations, successive motions, failure to raise procedural claims earlier in the proceedings, or former adjudication.[3]

First, a motion for postconviction relief cannot be filed more than one year after the judgment of conviction is final or more than one year after a retroactively applicable right is recognized by the Supreme Court.[4] Here, Defendant's conviction became final after he entered a guilty plea and was sentenced on December 10, 2021. Defendant mailed the Motion on December 10, 2022. Therefore, consideration of the Motion is not barred by the one-year limitation of Rule 61(i)(1).

Next, subsequent motions for postconviction relief are not allowed unless certain requirements are met.[5] This is Defendant's first Rule 61 Motion.

Third, grounds for relief that were not asserted during the proceedings that led to Defendant's conviction are barred unless Defendant can show procedural default or prejudice from a violation of his rights.[6] Defendant does not assert new procedural grounds for relief. Additionally, ineffective assistance of counsel claims

---

[2] *Id.*
[3] Super. Ct. Crim. R. 61(i).
[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(2).
[6] Super. Ct. Crim. R. 61(i)(3).

are not subject to this procedural bar because the claims cannot be asserted in proceedings leading to the judgment of conviction.[7] This bar is not applicable.

Fourth, grounds for relief that were already formally adjudicated are barred.[8] Again, claims of ineffective assistance of counsel are properly raised for the first time in a postconviction motion for relief, thus this bar is also inapplicable.

None of the procedural bars under Rule 61(i) apply to this case. The Court will now consider Defendant's claims on the merits.

## INEFFECTIVE ASSISTANCE OF COUNSEL

*Strickland v. Washington* established the well-known standard for ineffective assistance of counsel claims.[9] However, because Defendant pled guilty, he must show that "but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial."[10]

A. <u>Trial Counsel Failed to Advise Defendant of Appeal Rights</u>

Defendant's first ineffective assistance of counsel claim is that his attorney, James Murray, failed to advise him of his appeal rights. However, in an affidavit from Mr. Murray, he states he routinely and without exception advises all clients

---

[7] *Green v. State*, 238 A.3d 160, 175 (Del. 2020).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] *Strickland v. Washington*, 466 U.S. 668 (1984).
[10] *Miller v. State*, 840 A.2d 1229, 1231 (Del. 2003).

regarding the rights they give up when entering a guilty plea.[11] Mr. Murray advised Defendant of the rights he was giving up, including the right to appeal, when discussing the Truth-In-Sentencing Guilty Plea Form.[12] Defendant indicated he understood the rights he was giving up and that his responses were truthful when he signed the guilty plea form.[13]

Additionally, this Court conducted a detailed plea colloquy with Defendant. During the colloquy Defendant indicated he understood each and every right he was giving up by pleading guilty.[14] Defendant also confirmed that no one was forcing him to enter into a plea.[15] Defendant then told this Court he had plenty of time to speak with Mr. Murray about the case and that he was satisfied with the representation he received.[16]

Defendant is bound by the representations he made on the Truth-In-Sentencing Guilty Plea Form, absent any clear and convincing evidence to the contrary.[17] Here, there is nothing in the record or noted in Defendant's motion that leads the Court to believe Mr. Murray failed to advise Defendant of the rights he was waiving by voluntarily choosing to plead guilty. Defendant has not shown that

---

[11] Murray Aff. at 1.
[12] *Id.*
[13] *Id.* Ex. A.
[14] Tr. of Guilty Plea at 5:4-18.
[15] *Id.* at 6:18-20.
[16] *Id.* at 6:12-17.
[17] *Collins v. State*, 2014 WL 2609107, at *2 (Del. Super. June 9, 2014) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

Mr. Murray made unprofessional errors that would have caused Defendant to plead not guilty and instead proceed to trial. This claim is without merit.

B. <u>Trial Counsel Filed a Sentence Modification Notwithstanding the Motion's Likely Denial</u>

Defendant's next claim appears to be that Mr. Murray was ineffective for filing a Motion for Sentence Modification when the motion would automatically be denied due to the sentence being imposed pursuant to 11 *Del. C.* § 4204(k).[18]

The Court is unaware of any statute or case law that would prevent reconsideration of a sentence imposed under 11 *Del. C.* § 4204(k). Furthermore, filing Motions for Sentence Modification appears to be zealous advocacy, not ineffective assistance of counsel. In no way was Defendant harmed by the filing of a Sentence Modification Motion. This claim is without merit.

**CONCLUSION**

A careful review of the Motion for Postconviction Relief and the record of prior proceedings makes it plainly apparent that Defendant is not entitled to any relief. Defendant has failed to show his counsel was ineffective nor has Defendant shown he would have pled not guilty and instead proceeded to trial absent his

---

[18] Section 4204(k)(1) reads "Except as provided in this subsection, notwithstanding any statute, rule, regulation or guideline to the contrary, the court may direct as a condition to a sentence of imprisonment to be served at Level V or other that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence."

counsel's supposed unprofessional errors. Accordingly, Defendant's Rule 61 Motion for Postconviction Relief is **DENIED.**

      **IT IS SO ORDERED.**

/s/ Mark H. Conner
_____
Mark H. Conner, Judge

cc: Prothonotary