# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     v.      )    I.D. No. 2112011764
     )
WILLIAM J. BILLINGS,      )
     )
     Defendant.      )

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: May 22, 2023
Decided: June 21, 2023

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

*Upon Consideration of Motion for Appointment of Counsel,*
**DENIED.**

Rebecca E. Anderson, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

William J. Billings, Sussex Correctional Institution, Georgetown, Delaware, *Pro Se*.

**CONNER, J.**

## INTRODUCTION

This is the Court's decision on a pro se Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") by William Billings ("Defendant"). Defendant seeks relief for two ineffective assistance of counsel claims. Defendant also seeks appointment of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2022, Defendant entered pleas of guilty to Continuous Sexual Abuse of a Child and to six counts of Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision First Degree. This Court conducted a guilty plea colloquy with Defendant. During the plea colloquy, Defendant confirmed he understood that by pleading guilty he waived his constitutional rights, including the right to appeal with the assistance of an attorney.

Defendant was sentenced that same day to 25 years of incarceration at Level V, suspended after 12 years of incarceration at Level V, followed by 6 months of home confinement, followed by 5 years of probation with GPS monitoring.

The charges stem from conduct that occurred approximately between January 1, 2013, and November 1, 2018. The victim, a minor child, disclosed via a school assignment that she had been sexually abused by Defendant. The victim's

1

teacher reported the disclosure to the DFS Hotline and the victim was subsequently interviewed at the Child Advocacy Center. During the interview, the victim made statements that formed the basis for Defendant's charges.

Defendant filed this instant Motion for Postconviction Relief on February 24, 2023. The State responded on April 11, 2023. Defendant then had until May 22, 2023, to file his reply. Defendant failed to file a reply leaving the Court to review the Motion based upon the current record.

## PROCEDURAL BARS

Before the Court can address the merits of a Rule 61 Motion, the Court must address the four procedural bars of Rule 61(i).[1] If a procedural bar is applicable, the merits of the Motion need not be addressed.[2] Pursuant to Rule 61(i), a motion for postconviction relief can be barred due to time limitations, successive motions, failure to raise procedural claims earlier in the proceedings, or former adjudication.[3]

First, a motion for postconviction relief cannot be filed more than one year after the judgment of conviction is final or more than one year after a retroactively

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).
[2] *Id.*
[3] Super. Ct. Crim. R. 61(i).

applicable right is recognized by the Supreme Court.[4] Here, Defendant's conviction became final after he entered guilty pleas and was sentenced on November 9, 2022. Defendant filed this Motion on February 24, 2023. Defendant's Motion is considered timely and not barred by the one-year limitation of Rule 61(i)(1).

Next, subsequent motions for postconviction relief are barred unless certain requirements are met.[5] This is Defendant's first Rule 61 Motion, therefore it is not barred.

Third, grounds for relief that were not asserted during the proceedings that led to Defendant's conviction are barred unless Defendant can show procedural default or prejudice from a violation of his rights.[6] Here, Defendant does not assert new procedural grounds for relief. Additionally, ineffective assistance of counsel claims, the type of claim Defendant is raising, are not subject to this procedural bar because the claims cannot be asserted in proceedings leading to the judgment of conviction.[7] This bar is not applicable to Defendant's Motion.

---

[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(2).
[6] Super. Ct. Crim. R. 61(i)(3).
[7] *Green v. State*, 238 A.3d 160, 175 (Del. 2020).

Lastly, grounds for relief that were already formally adjudicated are barred.[8] Again, claims of ineffective assistance of counsel are properly raised for the first time in a postconviction motion for relief, thus this bar is also inapplicable.

None of the Rule 61(i) procedural bars apply to Defendant's Motion. The Court will now consider Defendant's claims on the merits.

## INEFFECTIVE ASSISTANCE OF COUNSEL

*Strickland v. Washington* established the well-known standard for ineffective assistance of counsel claims.[9] Here, because Defendant pled guilty, he must show that "but for his counsel's unprofessional errors, he would not have pleaded guilty but instead would have insisted on proceeding to trial."[10]

### I. Defense Counsel Failed to Compile a Mitigation Report

Defendant's first ineffective assistance of counsel claim is that his attorney, Angela Huffman, failed to compile a mitigation report, which in Defendant's view would have addressed his mental health issues and lack of criminal history.[11] However, in an affidavit from Ms. Huffman, she states she used the services of Mary Fishel, a Forensic Social Specialist, to investigate Defendant's mental health

---

[8] Super. Ct. Crim. R. 61(i)(4).
[9] *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Albury v. State*, 551 A.2d 53 (Del. 1988).
[10] *Miller v. State*, 840 A.2d 1229, 1231 (Del. 2003).
[11] Def. Mot. for Postconviction Relief at 3.

history.[12] A report was prepared that detailed Defendant's mental health history as well as his biographical information.[13] The report was not used to support Defendant's case as Ms. Huffman deemed it not helpful.[14]

When determining if Defendant's claim for ineffective assistance of counsel is viable, the Court must not use hindsight but instead evaluate defense counsel's conduct from counsel's perspective at the time.[15] Here, Ms. Huffman utilized a specialist in order to compile a mitigation report for Defendant. After reviewing the report, Ms. Huffman made the decision not to use the report because it did not support Defendant's case. When analyzing Ms. Huffman's actions from her perspective at the time, it is clear to the Court that she did not commit any unprofessional errors or prejudice Defendant.

Furthermore, this Court conducted a detailed plea colloquy with Defendant. During the plea colloquy Defendant indicated he had plenty of time to speak with Ms. Huffman and was satisfied with her representation of him. The statements Defendant made to the Court during the guilty plea colloquy are presumed truthful.[16]

---

[12] Huffman Aff. ¶ 6.
[13] *Id.*
[14] *Id.*
[15] *Shelton v. State*, 744 A.2d 465, 504 (Del. 2000).
[16] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

Finally, when Defendant's sentence was imposed, this Court was already aware of and in possession of the Immediate Sentencing Form that contained Defendant's criminal history and mental health diagnosis of depression. Defendant has not shown that Ms. Huffman made unprofessional errors that would have caused Defendant to plead not guilty and instead proceed to trial. This claim is without merit.

## II. Defense Counsel Failed to Investigate an "Investigative Note" in DFS Report

Defendant's next claim is that Ms. Huffman was ineffective for failing to investigate an "investigative note" in the DFS report.[17] In Ms. Huffman's affidavit she explains that the DFS report was opened on November 17, 2021, at 3:48 p.m. and closed less than an hour later.[18] Ms. Huffman additionally explains that the report was preliminary in nature, only described statements the victim made in her school project and did not contain any actual professional or medical opinions of the DFS worker.[19]

Ms. Huffman did her due diligence for Defendant. No information contained in the report required any further investigation. There is no obligation nor requirement to investigate every avenue of potentially mitigating evidence.[20] Ms.

---

[17] Def. Mot. for Postconviction Relief at 3.
[18] Huffman Aff. ¶ 8.
[19] *Id.*
[20] *Shelton*, 744 A.2d at 504.

Huffman is afforded the benefit of making reasonable choices and focusing her investigation on what best suited Defendant.[21]

Again, Defendant's statements to this Court during the guilty plea colloquy are presumed truthful.[22] At no point did Defendant state he was dissatisfied with Ms. Huffman's representation of him because of a failure to investigate this note from the DFS report. Defendant has not established Ms. Huffman made unprofessional errors that would have caused him to plead not guilty and instead proceed to trial. This claim is also without merit.

## APPOINTMENT OF COUNSEL

Rule 61(e) dictates appointment of counsel for postconviction motions for relief.[23] When a defendant pleads guilty, the Court has discretion to appoint counsel pursuant to Rule 61(e)(3) if:

> (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[24]

---

[21] *Id.*
[22] *Somerville*, 703 A.2d at 632.
[23] Super. Ct. Crim. R. 61(e).
[24] Super. Ct. Crim. R. 61(e)(3).

As discussed above, Defendant has not raised any substantial claims that he received ineffective assistance of counsel in regard to his guilty pleas. Additionally, no other specific exceptional circumstances require this Court to exercise its discretion to appoint counsel for Defendant.[25]

## CONCLUSION

Defendant has failed to demonstrate his counsel was ineffective. There has been no showing of unprofessional errors that would have caused him to plead not guilty and instead proceed to trial. Additionally, Defendant did not satisfy the requirements pursuant to Rule 61(e)(3) for appointment of counsel. Accordingly, Defendant's Motions for Postconviction Relief and Appointment of Counsel are **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

---

[25] The Court also notes in Defendant's Motion for Appointment of Counsel he marked the box stating "[t]he judge *shall* appoint counsel because the requirements set forth under Rule 61(e)(2) are met." 61(e)(2) does not apply to Defendant because he chose to plead guilty instead of proceeding to trial.