# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
        v.                   )        I.D. # 1408014208
                             )
DAVEION JOHNSON,             )
                             )
        Defendant.           )

Submitted: November 10, 2016
Decided: February 7, 2017

**Upon Defendant's Motion for Post-Conviction Relief: DENIED**

This 7th day of February, 2017, upon consideration of Defendant's Motion for Post-Conviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1.      Daveion Johnson, and his co-defendant, Jayjuan Craig, were indicted on October 13, 2014 on charges of Home Invasion, Burglary First Degree, two counts of Robbery First Degree, Offensive Touching, Assault Third Degree, Conspiracy Second Degree, four counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person Prohibited, and additional weapons charges.[1]

2.      Albert J. Roop, V ("Trial Counsel") represented Johnson from his preliminary hearing through sentencing. The charges in this case were investigated

---

[1] D.I. 2.

by the Elsmere Police Department, who developed Johnson's co-defendant, Jayjuan Craig, as a suspect in a home invasion and robbery.[2] The investigating officer obtained a warrant to search Craig's residence. When they were approaching the residence to execute the warrant, officers observed a man, later identified as Johnson, laying down in a vehicle parked in close proximity to the residence.[3] Officers detained Johnson and observed contraband in the vehicle, including ammunition. After cross-examining the officer who detained Johnson, Trial Counsel concluded there was no basis to file a motion to suppress because, under the circumstances of the investigation, Johnson's detention and arrest, as well as the related search, were reasonable.[4] Trial Counsel avers he informed Johnson of this conclusion when explaining why a motion to suppress would not be fruitful in this case.[5]

3.      Johnson pleaded guilty on March 10, 2015 to one count each of Home Invasion, PFDCF, Robbery First Degree, and Conspiracy Second Degree. In connection with his plea, Johnson signed a Truth-in-Sentencing Guilty Plea form in which he denied that he had been promised anything in exchange for his plea, including what sentence he would receive.[6] Johnson also acknowledged on the

---

[2] D.I. 21 at 3.
[3] *Id.*
[4] *Id.* at 4.
[5] *Id.*
[6] D.I. 9.

form that he was satisfied with his lawyer's representation and that he had been fully advised of his rights.

4.     Before accepting Johnson's plea, the presiding judge engaged in a colloquy with Johnson regarding his decision to plead guilty and the rights he was waiving. During that hearing, Johnson acknowledged signing the Truth-in-Sentencing form and confirmed that he reviewed the form with Trial Counsel and answered the questions truthfully.[7] The presiding judge also reviewed with Johnson the four charges to which he was pleading guilty and Johnson admitted committing each of those crimes.[8] The judge reviewed with Johnson the constitutional rights he was waiving by pleading guilty, as well as the potential sentence he was facing as a result of the guilty plea, which was a minimum of 12 years and a maximum of 77 years at Level V.[9] Johnson agreed that he accepted the guilty plea, at least in part, to avoid the 26-year minimum mandatory sentence he would have faced if he was convicted at trial of all counts in the indictment.[10] The presiding judge then stated to Johnson:

> Now, Mr. Johnson, it's important for you to understand that right now[] you've got the Court's undivided attention. If there's anything that's bothering you about this plea, *if there's anything that's bothering you about Mr. Roop's representation of you*, the way he's treated you, if you have any questions about what you're doing, now

---

[7] *State v. Johnson*, ID No. 1408014208, at 8-9 (Del. Super. Mar. 10, 2015) (TRANSCRIPT).
[8] *Id.* at 6-8.
[9] *Id.* at 9-10.
[10] *Id.* at 11-12.

is the time to ask them, because once the plea is accepted, the Court will be much less interested in what you'll have to say about the plea than it is right now. Is there anything that we need to talk about?[11]

Johnson responded "No."[12] The judge thereafter accepted Johnson's plea, finding it was knowing, intelligent, and voluntary, and that there was a factual basis for it.[13]

5. The Court then ordered a pre-sentence investigation. As part of the plea agreement, Johnson agreed to testify truthfully against his co-defendant, Jayjuan Craig.[14] Trial Counsel states he informed Johnson that, if he cooperated and testified truthfully against Craig, the State might consider filing a "substantial assistance motion" to reduce the mandatory sentence Johnson was facing.[15] The State advised Johnson similarly. According to Trial Counsel, however, Johnson was not cooperative and his statements during trial preparation were not consistent with the statements he gave to police before his plea.[16] The State ultimately decided not to call Johnson at Craig's trial.

6. On the morning of Craig's trial, unexpected issues with trial witnesses prompted the State to offer Craig a plea that was better than any offered Johnson. As a result, the State entered a *nolle prosequi* on Johnson's Robbery First charge,

---

[11] *Id.* at 12 (emphasis added).
[12] *Id.*
[13] *Id.* at 13.
[14] D.I. 9.
[15] Roop Aff. at 2 n.1
[16] *Id.* In the plea agreement, Johnson agreed that the statements he previously gave police were truthful.

4

thereby reducing his mandatory sentence to nine years.[17] Johnson was sentenced on July 17, 2015 as follows: (i) as to the Home Invasion charge, six years at Level V, followed by periods of partial incarceration and probation; (ii) as to the PFDCF charge, three years at Level V, and (iii) as to the Conspiracy charge, two years at Level V suspended for one year at Level III.[18] In other words, Johnson's unsuspended Level V time was the minimum sentence required by Delaware law. Johnson's sentence was effective August 18, 2014.

7. Johnson filed this Motion for post-conviction relief on March 24, 2016.[19] In it, he alleged he was entitled to relief because (i) Trial Counsel was ineffective by failing to file a motion to suppress evidence, (ii) there was no probable cause for Johnson's arrest or the associated search and seizure, and (iii) Trial Counsel promised Johnson he would receive a more lenient sentence. The Court ordered Trial Counsel to respond to the Motion by affidavit and further ordered the State to respond after Trial Counsel's affidavit was filed.[20] Finally, the

---

[17] *Id.*

[18] *State v. Johnson*, ID No. 1408014208, Cr. A. Nos. IN14-08-1820, IN14-08-1819, IN14-08-1825 (Del. Super. July 17, 2015) (SENTENCING ORDER). A corrected sentencing order was issued on August 12, 2015 to correct the amount of restitution and the date the sentence was imposed. *See* D.I. 17.

[19] D.I. 18.

[20] D.I. 21, 24.

Court granted Johnson time to respond to the submissions by Trial Counsel and the State. Johnson filed no response.[21]

## ANALYSIS

### A. Procedural bars to Johnson's claims

8.　　Before addressing the merits of any claim for post-conviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[22] A motion for post-conviction relief may be barred for timeliness and repetition, among other things. A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[23] A defendant also is barred from filing successive motions for post-conviction relief.[24] The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[25] Finally, the rule bars consideration of any ground for relief that previously was adjudicated in the case.[26]

---

[21] Johnson sent a "progress report" to the sentencing judge on October 31, 2016, but that letter did not address his post-conviction motion.

[22] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[23] Super. Ct. Crim. R. 61(i)(1).

[24] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).

[25] *Id.* 61(i)(3).

[26] *Id.* 61(i)(4).

9.     Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based on claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[27] Rule 61(d)(2) requires that the movant plead with particularity that (i) new evidence exists that creates a strong inference that the movant actually is innocent in fact of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

10.     Johnson's Motion was filed less than a year after his sentence became final, and it therefore is timely. The Motion alleges ineffective assistance of counsel, which could not be raised at any earlier stage in the proceedings.[28] As explained below, Johnson's other claims for relief have been waived.

**B. Johnson's claim of ineffective assistance of counsel**

11.     Johnson contends Trial Counsel was ineffective because he failed to move to suppress evidence obtained during Johnson's arrest. Johnson asserts his arrest, and the associated search, was not supported by probable cause, arguing he "requested numerous times" that Trial Counsel "file a suppression hearing with

---

[27] *Id.* 61(i)(5).
[28] *Whittle v. State*, 138 A.3d 1149 (Del. 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

grounds being illegal detention, arrest, search[,] and seizure," but that Trial Counsel "refused without just argument."[29]

12. To prevail on a post-conviction claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must establish that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) but for counsel's unprofessional errors, there is a reasonable possibility the defendant would not have pleaded guilty and instead would have insisted on going to trial.[30] There is a strong presumption that counsel's representation was reasonable.[31] Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[32]

13. Trial Counsel's affidavit indicates he considered filing a motion to suppress, but determined there was no good-faith basis to do so after examining the record. Under the circumstances of this case, this Court will not second-guess Trial Counsel's informed strategic decision. Thus, Johnson's contentions do not meet the first element of ineffectiveness, because he cannot show that Trial Counsel's representation fell below an objective standard of reasonableness. Moreover, Johnson specifically was asked, both on the Truth-in-Sentencing Guilty Plea form and by the judge who accepted his plea, whether he had any objections

---

[29] D.I. 18 at 3.
[30] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[31] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[32] *Id.*; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).

8

or concerns as to Trial Counsel's representation. The presiding judge advised Johnson that the forum to raise any concerns regarding representation was at the guilty plea hearing and that raising the argument later would prove difficult. Johnson nonetheless confirmed, both in writing and in his oral representations to the Court, that he was satisfied with Trial Counsel's representation. A defendant is bound by the statements he gives during the plea colloquy absent clear and convincing evidence that he did not understand the plea agreement, was forced to accept the plea, or was not satisfied with counsel's representation.[33] Johnson has not met this heightened standard. In fact, Johnson has not advanced any allegations challenging the presiding judge's finding that the plea was knowing, intelligent, and voluntary.

## C. Johnson's challenge to the arrest and search

14. Johnson next argues his arrest and search were illegal and the evidence obtained against him should be suppressed as a result. Johnson, however, waived this claim of error by pleading guilty.[34] Johnson's Motion therefore is denied as to this claim.

---

[33] *Somerville v. State*, 703 A.2d 629, 632 (Del. 2008).

[34] *See Cooper v. State*, 2008 WL 2410404, at *1 (Del. June 16, 2008) (holding a guilty plea waives any claims based on errors or defects that occurred before entry of the plea); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003) (same).

**D. Johnson's claim of an "unfulfilled plea agreement"**

15. Finally, Johnson argues Trial Counsel "promised [him] he would receive a more lenient sentence of 6 years Level 5, the same as [Craig]."[35] It is not clear whether this claim is one for ineffective assistance of counsel or simply a claim that the sentence Johnson received was not consistent with the plea agreement. Either way, the claim lacks merit. To the extent Johnson contends Trial Counsel was ineffective because he promised Johnson he would receive a particular sentence, this claim is belied by Johnson's sworn statements in the Truth-in-Sentencing form and during the plea colloquy, statements to which Johnson is bound. The presiding judge repeatedly explained to Johnson that he was facing a 12-year minimum-mandatory sentence, and Trial Counsel's affidavit explains that he advised Johnson that the State might consider filing a motion to reduce that mandatory sentence only in the event Johnson provided substantial assistance at Craig's trial. Therefore, Johnson has not met either prong of the ineffective assistance standard. To the extent Johnson is arguing he had an unwritten agreement with the State for a six-year sentence, that argument also is contradicted by the forms Johnson signed and by his statements during the plea colloquy, to say nothing of the fact that neither the State nor defense counsel could "promise" Johnson a particular sentence.

---

[35] D.I. 18 at 3.

10

For all the foregoing reasons, Daveion Johnson's Motion for Post-Conviction Relief is **DENIED.  IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Mark A. Denney, Jr., Deputy Attorney General
      Albert J. Roop, V, Deputy Attorney General
      Daveion Johnson, *pro se* (SBI No. 00671041)

11