# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                               )
        v.              )     I.D. No. 1606013385
                               )
NA-QUAN LEWIS,        )
                               )
     Defendant.      )

Submitted: May 14, 2018
Decided:  June 8, 2018

Upon Defendant's Motion for Postconviction Relief
**SUMMARILY DISMISSED.**

## ORDER

Na-Quan Lewis, *pro se*, Smyrna, DE.

Albert J. Roop, IV, Esquire, Cynthia F. Hurlock, Esquire, Deputy Attorneys General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

WHARTON, J.

This 8th day of June, 2018, upon consideration of Defendant's Amended Motion for Postconviction Relief and the record in this matter, it appears to the Court that:

1.      Defendant Na-Quan Lewis ("Lewis") was originally indicted by the Grand Jury on July 5, 2016.[1] He was re-indicted on September 12, 2016 on the charges of Gang Participation, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") (two counts), and Possession of a Firearm by a Person Prohibited ("PFBPP") (two counts).[2] In all, 28 defendants were charged in the Re-Indictment.[3] On July, 6, 2017, Lewis pled guilty to one count of PFDCF.[4] He also admitted to violating his probation. He was sentenced immediately to the three year minimum mandatory period of incarceration at Level 5 on the PFDCF charge with no probation to follow.[5] In exchange, State dropped the Gang Participation and Conspiracy charges, the other PFDCF charge, and two PFBPP charges. The PFBPP charges carried minimum mandatory sentences due to a prior robbery second degree conviction.[6] Lewis did not appeal his conviction and sentence to the Delaware Supreme Court.

---

[1] D.I. 1.
[2] D.I. 11.
[3] *Id.*
[4] D.I. 71.
[5] D.I. 74.
[6] *See* Immediate Sentencing Form, D.I. 71.

2. On May 14, 2018, Lewis filed this Motion for Postconviction Relief ("Motion"), his first, alleging ineffective assistance of counsel.[7] He did not request appointment of counsel. Lewis alleges three grounds for relief in the Motion: 1) "Ineffective assistance of trial counsel Re: Invalid plea agreement;" 2) "Ineffective assistance of counsel Re: Abuse of discretion;" and 3) "Denial of the right of Effective [sic] assistance of counsel."[8] On May 23, Lewis filed a Motion to Amend the original Rule 61 Motion.[9] That motion merely sought to amend the Motion by adding a Memorandum of Law in Support of Rule 61 Postconviction Relief Motion ("Memorandum of Law") to the original Motion.[10] On June 1, 2018, the Court received a second Motion to Amend. This second Motion to Amend sought to add an additional argument to Lewis' Memorandum of Law claiming a violation of his right to a speedy trial.[11] Apparently Lewis has had a change of heart, or perhaps he has forgotten that he wrote the Court a letter, postmarked July 5, 2017, the day before he entered his plea, and received by the Court on July 10th, stating in its entirety, "I would like Natalie Woloshin to represent me again please."[12] The Court has considered all of Lewis' filings in connection with his Motion, including his

---

[7] D.I. 83.
[8] *Id.*
[9] D.I 86.
[10] *Id.*
[11] D.I. 87.
[12] The letter was filed with the Prothonotary on July 10, 2017 and remains in the case file. For reasons unknown to the Court, it has not received a docket item number as of the date of this Order.

Memorandum of Law, and his Amended Memorandum of Law. It is tempting to stop here and summarily dismiss the Motion based on ineffective assistance of counsel grounds because Lewis was not represented by counsel when he entered his plea. He represented himself. After extensive colloquies with him in an attempt to dissuade him, Court ultimately acceded to Lewis' persistent demands that he be permitted to represent himself.[13] Lewis cannot complain now about the ineffectiveness of his counsel when he, himself, served in that capacity. Nonetheless the Court determines that some further explanation would be useful.

3.      Lewis elaborates on his claim that the plea agreement was invalid by asserting that Ms. Woloshin, who originally was appointed to represent him, failed to investigate witnesses who would provide information that Lewis was not a gang member.[14] Had counsel done so, he claims, a meritorious severance motion could have been filed and an appropriate trial strategy developed.[15] The net result was that Ms. Woloshin (whom the Court appointed to serve as standby counsel) persuaded him that "no mitigating factors existed to remove the defendant from the alleged gang participation," causing his plea to not be knowingly and voluntarily entered.[16] Next, he claims that his request to proceed *pro se* was not properly assessed due to his past mental health history and the absence of a current mental health evaluation, causing

---

[13] D.I. 44.
[14] D.I. 83.
[15] *Id.*
[16] *Id.*

4

his guilty plea to entered "unknowingly and unintelligently."[17] Finally, he complains about the disadvantages he suffered as a *pro se* litigant and that his request for different appointed counsel went unheeded.[18] Lewis again argues that competent counsel would have succeeded in securing severance of the gang participation charge. Had that happened he would have elected to go to trial and a different outcome would have resulted.[19] Finally, in his second amendment to the Motion, he argues that his right to a speedy trial was violated.[20]

4. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[21] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[22]

5. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations or procedural default. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] D.I. 87.
[21] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[22] *Id.*

the United States Supreme Court.[23] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[24] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[25] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[26]

6.      The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence[27] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[28]

---

[23] Super. Ct. Crim. R. 61(i)(1).
[24] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[25] Super. Ct. Crim. R. 61(i)(3).
[26] Super. Ct. Crim. R. 61(i)(4).
[27] Super. Ct. Crim. R. 61(i)(5).
[28] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

6

7. Since this is a first postconviction relief motion alleging ineffective assistance of counsel, the Court finds that the bars to relief do not apply, with one exception. The exception is Lewis' claim that his right to a speedy trial was violated. As will be discussed below, Lewis waived that claim when he entered his guilty plea.

8. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[29] Here, it is plain to the Court from the Motion, Lewis' Memorandum of Law, as amended, and the record in this case that Lewis is not entitled to relief.

9. Even if Lewis had been represented by counsel when he entered his plea, and he was not, Lewis would have no basis for alleging ineffectiveness.[30] To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[31] To prove counsel's deficiency, a defendant must show that

---

[29] Super. Ct. Crim. R. 61(d)(5).

[30] Lewis seems to claim in his Memorandum of Law that Ms. Woloshin represented him at the plea hearing because her name appears on the plea agreement. The claim that he was represented by counsel at his plea is false. It is true that counsel signed the plea agreement, but she was acting as stand-by counsel at the time. The Court had not received his request to have Ms. Woloshin re-appointed at the time Lewis entered his plea.

[31] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

counsel's representation fell below an objective standard of reasonableness.[32] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[33] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[34] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[36] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[37] Even if he were represented by counsel, Lewis could

---

[32] *Id.* at 667-68.

[33] *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

[34] *Strickland,* 446 U.S. at 689.

[35] *Id.* at 694.

[36] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).

[37] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

8

not demonstrate that counsel's performance was deficient or that he would have insisted on going to trial.

9.    Lewis' claim that the "fact" that he was not a gang member should have resulted in suppression or severance had counsel adequately pursued it is a theme that runs throughout his claimed grounds for relief. The argument, no matter where it appears, has no merit. It is not clear to the Court if Lewis' claim regarding severance relates to severance of the gang participation and conspiracy charges from the weapons charges, or whether it relates to severance of defendants. In either case, it is based on the false premise that evidence that Lewis was not gang member creates a basis for suppression or severance. It does not. It might create a basis for acquittal at trial, but not for severance or suppression. Whether Lewis was a gang member or not was one of the issues a jury would have determined if one had been empaneled. It is a quintessential trial issue. It is not the type of issue capable of pretrial adjudication. In any event there was no basis to sever either charges or defendants here. The PFBPP charges were referenced in the Gang Participation charge as crimes Lewis committed in furtherance of the gang's criminal activity.[38] The PFDCF charges related to the two separate handguns Lewis was alleged to have possessed during the commission of the Gang Participation charge.[39] Thus, the charges were inextricably intertwined, and inappropriate for severance. As to

---

[38] D.I. 11, Counts 1(7), 12, 14.
[39] D.I. 11, Counts 2, 15.

9

severance of defendants, a *de facto* severance occurred because, when he entered his plea, Lewis was the last defendant to resolve his charges. He would have been tried alone anyway.

10.  Lewis' claim that his plea was not knowingly, voluntarily and intelligently entered is unsupported by the record. Lewis executed a Truth in Sentencing Guilty Plea Form detailing the various rights he was waiving and the potential penalties he was facing when he entered his plea.[40] Additionally, the Court conducted a colloquy with Lewis and was satisfied that he fully understood the rights he was waiving, and the penalties he was facing. At that time, the Court was satisfied that he entered his plea knowingly, voluntarily and intelligently. Lewis argues that an updated mental health evaluation of him was necessary before he should have been allowed to represent himself or to enter his plea. The Court disagrees. The Court spent hours speaking with him during the course of the proceedings and it was obvious to the Court that he was competent to represent himself and to enter his plea. To be sure, he was warned repeatedly of the inadvisability of representing himself and the Court has not doubt that, had there been a trial, his self-representation would have been incompetent. But, the test for legal competency to enter a plea or to represent oneself is different from *Strickland's* performance prong. The former relates to a defendant's ability to understand the nature of proceedings, give evidence

---

[40] *See* Truth in Sentencing Guilty Plea Form, D.I. 71.

in his own defense, or to instruct counsel in his own behalf.[41] The latter relates to a lawyer's ability to perform to an objective standard of reasonableness.[42] Nothing Lewis has presented changes the Court's opinion that he was competent to represent himself and to enter his plea.

11. Next, Lewis complains that he was deprived of his 6th Amendment right to counsel when the Court declined to appoint new counsel for him, thereby forcing him to represent himself. He further argues that he encountered extreme difficulties as a *pro se* litigant, prejudicing his ability to represent himself. Here, Lewis engages in a bit of revisionist history. Although it is true that the Court may have declined to appoint different counsel for Lewis, it is also true that his attorney was performing at a high level in representing him. The Court does not reassign lawyers simply because a defendant may not be getting along with a lawyer and want a different one. In any event, it was Lewis' zealous pursuit of self-representation that led the Court to allow him to represent himself. The problems of self-representation about which he complains now were all thoroughly explained to him before his request to represent himself was granted. All of the complaints Lewis raises in the third ground for relief of his motion (as well as several others) were addressed by the Court in its letter to Lewis on May 24, 2017.[43] Just as then, the Court now will not hear Lewis' complaints regarding a situation about which he was thoroughly forewarned.

---

[41] 11 *Del. C.* § 404(a).
[42] *Strickland,* 466 U.S. at 667-68.
[43] D.I. 56.

12. Finally, in his second Motion to Amend, Lewis raises a speedy trial issue. This issue was pending when Lewis entered his plea. On July 3, 2017, Lewis filed a Motion to Dismiss and Take Leave.[44] That motion asked to Court to dismiss the indictment based on a claimed denial of his right to a speedy trial under the state and federal constitutions.[45] The same day, the Court directed the State to respond to the motion by July 7th. On July 6th, Lewis pled guilty. The Court finds that by pleading guilty before his Motion to Dismiss and Take Leave was decided, Lewis has waived his right to pursue that issue.[46]

Therefore, since it plainly appears from Motion for Postconviction Relief and the record in this case that Lewis is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services

---

[44] D.I. 69.

[45] *Id.*

[46] *Johnson v. State,* 2008 WL 4830853 (Del. Nov. 7, 2008), "This Court has long held that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea." citing *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2003).

12