# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
)
)
v.      )      I.D No. 1305018893
)
)
)
KEVIN H. BOONE,      )
)
Defendant.      )

## ORDER

Submitted: September 5, 2019
Decided: December 23, 2019

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should Be Denied,*

**ADOPTED.**

Kevin H. Boone, Howard R. Young Correctional Institution, Wilmington, Delaware, *Pro se.*

Abigail Rodgers Layton, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

**MEDINILLA, J.**

1

**AND NOW TO WIT**, this 23rd day of December 2019, upon consideration of Defendant Kevin H. Boone's ("Defendant") Motion for Postconviction Relief, the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should Be DENIED, and Defendant's Motion to Withdraw Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On December 12, 2013, Defendant pleaded guilty to one count of Dealing in Child Pornography and three counts of Possession of Child Pornography.[1] Defendant was sentenced to twenty-four years at Level V, suspended after three years at Level V for transitioning levels of probation.[2]

2. On December 20, 2017, this Court found Defendant to be in violation of probation, where he allegedly: (1) made contact with a minor via a personal ad posted on Craigslist; (2) had contact with a fourteen-year-old male minor, traveled out of state with him; (3) engaged in sexual activity with that minor in both Delaware and Pennsylvania in September and October 2017.[3] Defendant was resentenced to twelve years at Level V, suspended upon Defendant's successful completion of the

---

[1] *See* Trial Calendar/ Plea Hearing: Pled Guilty and Sentenced, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 11 (Del. Super. Dec. 12, 2013); *see also* Sentence: ASOP Order Signed and Filed 12/20/13, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 12 (Del. Super. Dec. 12, 2013).

[2] Special conditions of his probation included no unsupervised contact with minors under eighteen years of age and prohibited Defendant from internet access.

[3] *See* Violation-of-Probation Hearing: Defendant Found in Violation, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 20 (Del. Super. Dec. 20, 2017).

Transitions Sex Offender Program, followed by two and a half years of transitioning levels of probation.[4] On February 23, 2018, Defendant filed a Motion under Rule 35(b) for Reduction of Sentence.[5] Defendant's Motion was denied.[6] On May 4, 2018, Defendant filed a Motion under Rule 35(a) for Correction of Sentence claiming his sentence was illegal.[7] Defendant's Motion was denied.[8] Defendant appealed to the Delaware Supreme Court.[9] The Supreme Court affirmed the Superior Court's denial of Defendant's Motion.[10]

3. On November 1, 2018, Defendant filed Motion for Postconviction Relief ("Defendant's Motion").[11] Defendant sought relief under 42 U.S.C. § 1983. On April 24, 2019, the United States District Court for the District of Delaware ("District Court") dismissed Defendant's federal action as legally frivolous and

---

[4] *See* Sentence: VOP ASOP Order Signed and Filed on 12/28/17, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 21 (Del. Super. Dec. 20, 2017).

[5] *See* Defendant's Motion for Reduction of Sentence, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 22 (Del. Super. Feb. 23, 2018).

[6] *See* Letter Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 23 (Del. Super. Apr. 17, 2018).

[7] *See* Defendant's Motion for Correction of Sentence, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 24 (Del. Super. May 4, 2018).

[8] The Court held that Defendant's sentence did not exceed the statutory maximum, did not implicate double jeopardy, and was neither ambiguous nor contradictory. *See* Letter/Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 25 (Del. Super. May 30, 2018).

[9] *See* Notice of Appeal, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 26 (Del. Super. June 28, 2018).

[10] *See generally Boone v. State*, 195 A.3d 481, 2018 WL 4908383 (Del. 2018) (TABLE) (affirming denial of Defendant's motion for correction of illegal sentence); *see also* Mandate Filed from Supreme Court: Superior Court Judgment Affirmed, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 32 (Del. Oct. 29, 2018).

[11] *See* Defendant's Motion for Postconviction Relief, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 33 (Del. Super. Nov. 1, 2018) [hereinafter "Def.'s Mot."].

without merit.[12] On May 6, 2019, Defendant filed Petition for a Writ of Habeas Corpus with in this Court.[13] On May 9, 2019, Defendant's petition was denied.[14] On May 20, 2019, Defendant filed a Letter to President Judge Jurden claiming again that his 2017 Violation of Probation ("VOP") sentence was illegal.[15] On June 21, 2019, Defendant's Letter was forwarded to this Court for consideration.[16] On August 15, 2019, Defendant filed a Motion to File Charges on Probation Officer also in this Court.[17] Defendant's Motion was denied.[18]

4. Superior Court Criminal Rule 62(a)(5) permits the Court to refer case-dispositive motions, including postconviction relief motions, to a Superior Court Commissioner for "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[19] After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten

---

[12] *See generally Boone v. Prob. & Parole of New Castle Cty., DE*, No. CV 18-1663 (MN), 2019 WL 1792300 (D. Del. Apr. 24, 2019).

[13] *See* Petition For Writ of Habeas Corpus, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 42 (Del. Super. May 6, 2019).

[14] *See* Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 45 (Del. Super. May 9, 2019); *see also* Petition For Writ of Habeas Corpus Denied, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 46 (Del. Super. May 9, 2019).

[15] *See* Defendant's Letter, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 47 (Del. Super. May 20, 2019).

[16] *See* Letter to Defendant, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 48 (Del. Super. June 21, 2019).

[17] *See* Defendant's Motion to File Charges on Probation Officer, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 49 (Del. Super. Aug. 15, 2019).

[18] *See* Motion to File Charges on Probation Officer is Denied, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 53 (Del. Super. Nov. 15, 2019) (denying Defendant's Motion for failure to state a claim for relief under Superior Court Civil Rule 12(b)(6)).

[19] DEL. SUPER. CT. CRIM. R 62(a)(5).

4

days.[20] A party failing to comply with this ten-day time limit for appeal may foreclose that party's ability to object to the Commissioner's report.[21] A judge "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[22] The Court conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which an objection is made."[23]

5. The Court referred Defendant's Motion to a Superior Court Commissioner for proposed findings of fact and conclusions of law in accordance.[24] On September 4, 2019, the Commissioner issued a Report and Recommendation that Defendant's Motion for Postconviction Relief should be denied ("Commissioner's Report").[25] On September 12, 2019, Defendant filed a Motion to Withdraw Motion

---

[20] DEL. SUPER. CT. CRIM. R 62(a)(5)(ii). Defendant failed to file any written objections to the Comm'r Report.

[21] *Id.* at 62(b).

[22] *Id.*

[23] *Id.* at 62(a)(5)(iv).

[24] *See* 10 *Del. C.* § 512(b)(1)(b) (2013 & Supp. 2016); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

[25] *See* Commissioner's Report and Recommendations and Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 50 (Del. Super. Sept. 5, 2019) [hereinafter "Comm'r Report"]. The Comm'r Report was decided on September 4, 2019, and docketed on September 5, 2019.

for Postconviction Relief.[26] On September 19, 2019, Defendant's Motion for Postconviction Relief was forwarded to this Court for Final Decision.[27]

6. In his Motion for Postconviction Relief, Defendant raises five claims, alleging that: (1) the State committed prosecutorial misconduct; (2) his sentences were illegal, both at sentencing and Defendant's VOP hearing; (3) Defendant's counsel at the VOP hearing provided ineffective assistance; (4) the bedroom of Defendant's brother was unlawfully searched when Defendant was arrested on November 30, 2017; and (5) a Probation Officer made dishonest statements and committed perjury at Defendant's VOP hearing.[28] The Commissioner's Report outlined the various procedural bars to Defendant's Motion, and further determined his arguments did not meet any exceptions to these procedural bars.[29] The Court addresses these procedural bars before considering the merits of the claim.[30]

7. First, under Superior Court Criminal Rule 61(i)(1), a motion for postconvinction relief, "may not be filed more than one year after the judgment of

---

[26] *See* Defendant's Motion to Withdraw Motion for Postconviction Relief, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 51 (Del. Super. Sept. 12, 2019) [hereinafter "Def.'s Mot. to Withdraw"].

[27] *See* Referral Memorandum. Rule 61 For Final Decision, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 52 (Del. Super. Sept. 19, 2019).

[28] *See generally* Def.'s Mot.

[29] *See generally* Comm'r Report.

[30] *See, e.g., Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *see Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

conviction is final...."[31] Defendant's sentence was imposed in December 2013[32] and Defendant filed this Motion in November 2018,[33] almost five years after his sentence became final.[34] Defendant's claim of prosecutorial misconduct is subject to the procedural bar of Rule 61(i)(1), as untimely.[35]

8. Second, under Superior Court Criminal Rule 61(i)(3), "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred," unless Defendant can show both "[c]ause for relief from the procedural default" and "[p]rejudice[.]"[36] In this case, Defendant's guilty plea, which is not challenged, "constitutes a waiver of any alleged errors or defects doe occurring prior to the entry of the plea."[37] Furthermore, Superior Court Criminal Rule 61(i)(3) prevents the Court from considering claims that Defendant failed to raise on direct appeal or in a timely postconviction motion. Thus, Defendant's claims of prosecutorial misconduct, ineffective assistance of counsel, and bias and dishonest statements are barred under Rule 61(i)(3).[38]

---

[31] DEL. SUPER. CT. CRIM. R. 61(i)(1).
[32] *See* Trial Calendar/ Plea Hearing: Pled Guilty and Sentenced, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 11 (Del. Super. Dec. 12, 2013).
[33] *See* Def.'s Motion.
[34] Defendant's sentence became final thirty days after the sentence was imposed. DEL. SUPER. CT. CRIM. R. 61(m)(1).
[35] *Younger*, 580 A.2d at 555 (finding ineffective assistance of counsel claim untimely and procedurally barred under Rule 61(i)(1)).
[36] DEL. SUPER. CT. CRIM. R 61(i)(3)(A)-(B)
[37] *Johnson v. State*, 962 A.2d 917, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008) (TABLE) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).
[38] DEL. SUPER. CT. CRIM. R 61(i)(3).

7

9. Third, Defendant is also barred under Superior Court Criminal Rule 61(i)(4), because he was formerly adjudicated, which includes adjudication in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas.[39] Defendant's claim of an "illegal sentence"[40] is not cognizable in a Motion for Postconviction Relief, and to the extent it is, such claim is procedurally barred where such claim was formally adjudicated when Defendant's Rule 35(a) motion for correction of an illegal sentence was denied.[41] Additionally, Defendant's claim of the illegal search of his brother's room is also procedurally barred where Defendant raised this claim in a federal action, resulting in a finding by the District Court that Defendant lacked standing to raise such claims on his brother's behalf.[42] Thus, Defendant's claims of illegal sentence and illegal search and seizure of Defendant's brother's room are also barred under Rule 61(i)(4).

10. Fourth, the version of Rule 61(i)(5) in effect at the time of Defendant's filing states that "bars to relief in paragraphs (1), (2), (3), an (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that

---

[39] DEL. SUPER. CT. CRIM. R 61(i)(4).
[40] Def.'s Mot. at page 3 ("Illegal sentence imposed by sentencing judge on multiple occasions (regarding probation)").
[41] *See* Letter/Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 25 (Del. Super. May 30, 2018) (denying defendant's Motion for Correction of Illegal Sentence).
[42] *See Boone v. Prob. & Parole of New Castle Cty., DE*, No. CV 18-1663 (MN), 2019 WL 1792300, at *1-4 (D. Del. Apr. 24, 2019).

satisfies the pleading requirements of paragraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[43] Defendant does not argue that the Court lacked jurisdiction,[44] that "new evidence exists that creates a strong inference" of actual innocence,[45] or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid."[46] Defendant instead rehashes constitutional violations of ineffective assistance of counsel and that his sentence was illegal. As such, this untimely Rule 61 motion is procedurally barred by Rules 61(i)(1), (i)(3), and (i)(4), and does not meet an exception under Rule 61(i)(5).

11. Defendant has not filed any objections to the Commissioner's Report. Instead, Defendant filed a Motion to Withdraw Motion for Postconviction Relief ("Motion to Withdraw").[47] In this motion, Defendant argues that his Motion for Postconviction Relief is "moot," where he has also filed a Petition for a Writ of Habeas Corpus in Federal Court.[48] Defendant references the Commissioner's Report in his motion to withdraw, arguing that "the federal habeas corpus takes precedence

---

[43] DEL. SUPER. CT. CRIM. R. 61(i)(5). The pleading requirements under Rule 61(d)(2)(i) and (2)(ii) include pleading with particularity that new evidence exists that creates a strong inference that Defendant is actually innocent or pleading with particularity that a new rule of constitutional law applies retroactively to Defendant's case.

[44] DEL. SUPER. CT. CRIM. R. 61(i)(5).

[45] *Id.* at 61(d)(2)(i).

[46] *Id.* at 61(d)(2)(ii).

[47] *See generally* Def.'s Mot. to Withdraw.

[48] *See generally id.*

9

[*sic*] over all matters in lower courts regarding the same case and sentence[.]"[49]

Defendant fails to cite to any authority to support his argument. The motion he filed is not an objection.

12. After a careful review of Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, Defendant's Motion to Withdraw Motion for Postconviction Relief, and the record, the Court adopts *in toto* the findings of fact and recommendations in the Commissioner's Report. For the reasons stated in the Commissioner's Report, Defendant's Motion for Postconviction Relief is **DENIED**, and Defendant's Motion to Withdraw his Motion for Postconviction Relief is **DISMISSED** as moot.

**IT IS SO ORDERED**.

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
Department of Justice
Investigative Services

---

[49] *See* Def.'s Mot. to Withdraw.at page 1.

10