# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Criminal ID No. 1607021543 |
| DURRION MORRISON | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 13, 2020
Decided: March 16, 2020

## REPORT AND RECOMMENDATION
## THAT DEFENDANT'S MOTION FOR POSTCONVICTION
## RELIEF SHOULD BE DENIED

## AND

## COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED

John W. Downs, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Patrick J. Collins, Esquire, Wilmington, Delaware, Attorney for Durrion Morrison

Durrion Morrison, Eastern Regional Jail and Correctional Facility, Martinsburg, West Virginia.

**MAYER,** Commissioner

1

This 16th day of March, 2020, upon consideration of Defendant's Motion for Postconviction Relief, and the Motion to Withdraw as Counsel, the following is my Report and Recommendation:

## BACKGROUND AND PROCEDURAL HISTORY

On November 3, 2017, Defendant entered into a Plea Agreement whereby he agreed to plead guilty to Murder Second Degree (as a lesser included offense of Murder First Degree) and Possession of a Firearm During Commission of a Felony ("PFDCF"). At that time, Defendant also executed the Truth-in-Sentencing Guilty Plea Form. Through that agreement, Defendant agreed that he was not promised anything not otherwise stated in the written plea agreement, that he was not threatened or forced to enter the plea, and that he was waiving certain constitutional rights including the right to force the State to prove guilt beyond a reasonable doubt, to hear and question the witnesses, present evidence in his defense, and to testify. At the plea hearing, Defendant admitted that he caused the death of another person during an attempted robbery.

After the plea was accepted, but before sentencing occurred, Defendant indicated a desire to withdraw his plea because he believed the State had falsified his co-defendant's phone records by inserting a telephone number associated with

2

Defendant throughout the records. Defendant believed Trial Counsel was conspiring with the State to create the false records. Trial Counsel notified the Court of Defendant's desire to withdraw his plea and his ineffective assistance of counsel claims.[1] The sentencing hearing was continued to allow Defendant more time to consult with counsel regarding the possibility of withdrawing the plea.

On February 16, 2018, the Court proceeded with the Sentencing Hearing. At the hearing, Defendant argued that he wished to withdraw his plea citing claims of ineffective assistance of counsel. The Court was satisfied that the colloquy at the Plea Hearing was thorough and Defendant had not presented any grounds to allow withdrawal of the plea.[2] Defendant was sentenced as follows: Murder Second Degree, 25 years at Level V, suspended after 17 years for 2 years at Level III; and PFDCF, 3 years at Level V with no probation to follow. If Defendant had not entered into a plea, he was facing numerous high level felony charges, and the possibility of imprisonment for the remainder of his natural life.

On January 14, 2019, Defendant filed a Motion for Postconviction Relief (the "Rule 61 Motion").[3] The claims may be summarized as follows:

> Ground 1: Ineffective assistance of counsel because Trial
> Counsel (a) did not timely file a motion for withdrawal of

---

[1] D.I. # 38.

[2] *See* Sentencing Hearing Transcript at D.I. # 48.

[3] D.I. # 43.

the plea; (b) did not challenge the ballistics evidence of Carl Rhone;[4] (c) failed to file a motion addressing the tampered phone records;[5] (d) never made Defendant aware of redacted witness statements; (e) failed to investigate and obtain exculpatory evidence demonstrating Defendant's innocence; (f) sent Defendant documentation with an incorrect case number; (g) failed to file a motion to withdraw as counsel; and (h) failed to timely request a bench trial and speedy trial.

Ground 6: Defendant was prejudiced because the Court proceeded with the Sentencing Hearing in disregard of Defendant's intent to withdraw the guilty plea.

The record was enlarged and the Court issued a briefing schedule.[6] On March 12, 2019, Trial Counsel submitted an Affidavit[7] responding to the allegations, and on May 13, 2019, the State filed a Response in opposition.[8] On July 5, 2019, rather than filing a reply, Defendant filed a Motion to Amend Motion for Post-Conviction Relief.[9] During this time, Defendant also moved for appointment of counsel, and

---

[4] Defendant's Ground 5 alleges the State intended to rely on falsified ballistics evidence created by Carl Rone.

[5] Grounds 2, 3 and 4 of the Motion similarly allege Trial Counsel erred and/or violated his constitutional rights by not obtaining the correct phone records directly from Sprint.

[6] D.I. # 47.

[7] D.I. # 49.

[8] D.I. # 52.

[9] D.I. # 59.

the request was eventually granted and Patrick Collins, Esquire was appointed to represent Defendant,[10] and the Court issued a new briefing schedule.

On January 13, 2020, Collins filed a Motion to Withdraw, Memorandum in Support of Motion to Withdraw and Appendix.[11] By cover letter, Collins reminded Defendant that he had 30 days in which to file a response to the motion. As of the date of this decision, Defendant has not submitted any further briefing for the Court's consideration. Therefore, I have considered the entire record in this matter, Defendant's original motion and claims, the Affidavit from Trial Counsel, the State's original response, and the Motion to Withdraw, and recommend that Defendant's Motion for Postconviction Relief should be denied.

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[12] This is Defendant's first motion for post-conviction relief and it was timely filed.[13] However, pursuant to Super. Ct. Crim. R. 61(i)(3) any ground for relief that was not previously raised is

---

[10] D.I. #s 56 & 57.

[11] D.I. #s 63, 64.

[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[13] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when the conviction becomes final); Super. Ct. Crim. R. 61(m)(1) (If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Court imposes the sentence).

deemed waived, unless the movant can establish cause for relief and prejudice to the movant's rights. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[14]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[15] To prevail in the context of a case involving a guilty plea, Defendant must show that but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and instead would have insisted on going to trial.[16] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[17] Further, mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[18] Great weight and deference are given to

---

[14] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[15] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[16] *Albury v. State*, 551 A.2d 53, 59 (Del.1988) (quoting *Strickland*, 466 U.S. at 694).

[17] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[18] *Younger v. State*, 580 A.2d at 556.

tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[19]

Defendant cannot directly attack the State's evidence because Defendant waived these claims when he failed to raise these issues during the trial proceedings or on appeal, or when he entered his plea.[20] Alternatively, Defendant argues Trial Counsel was ineffective for failing to file various motions and/or contesting certain evidence. Regardless of how the claims are couched, Defendant's claims are meritless.

### Trial Counsel's Failure to File a Motion to Withdraw the Plea

At the Plea Hearing, Trial Counsel reported that although they were prepared to proceed with trial, Defendant decided that he would accept the State's offer.[21] Trial Counsel also stated, "[h]e especially understands all the constitutional rights he waives by entering this plea. I went through each one with Mr. Morrison and he responded appropriately."[22] Trial Counsel further advised that he and Defendant had had no issues communicating or discussing potential defenses as well as the merits

---

[19] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[20] *See* Super. Ct. Crim. R. 61(i)(3) (barring any ground for relief that was not asserted in the proceedings leading to the judgment of conviction unless the movant shows cause for relief and prejudice from a violation of his rights.)

[21] Plea Hearing Transcript at D.I. # 50, pg. 4.

[22] *Id.*

7

of the plea.[23] The Court then addressed Defendant directly and engaged in a lengthy plea colloquy that included summarizing the charges, confirming that Defendant understood the plea documents that he executed, that he was waiving certain constitutional rights (including to contest the State's presentation of evidence), and that he was satisfied with his counsel's representation.[24] A defendant is bound by his statements to the Court during the plea colloquy and a valid guilty plea waives his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of the plea.[25] As such, all of Defendant's claims challenging the evidence were waived when he entered his plea. Defendant now argues Trial Counsel was ineffective for failing to timely move to allow him to withdraw his plea. To establish ineffective assistance, Defendant must demonstrate that the decision to not file the motion was objectively unreasonable, and that this error caused Defendant actual prejudice.

Defendant acknowledges that Trial Counsel contacted the Court on February 8, 2018 providing notice that Defendant instructed counsel to file a motion to withdraw the plea agreement.[26] The Court also discussed the matter with Defendant

---

[23] *Id.* at pg. 5.

[24] *See* Plea Trans. at pgs. 5-9.

[25] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[26] *See* D.I. # 38.

8

directly at the Sentencing Hearing. However, Defendant failed to articulate a fair and just reason for relief. The focus of his motion was his allegations that the State (and counsel) tampered with the phone records and Trial Counsel was ineffective for not moving to suppress the records.[27] For the reasons set forth below, Defendant has not met his burden of showing a reasonable probability that a motion to withdraw his guilty plea would have been granted.

Pursuant to Super. Ct. Crim. R. 32(d), the court may permit withdrawal of a plea upon a showing by the defendant of any fair and just reason.[28] In the present case, Defendant has failed to identify a procedural defect in accepting the plea, a misapprehension or mistake.[29] Defendant knowingly and voluntarily consented to plead guilty. In fact, Defendant was fully aware of his concerns relating to the phone records when he entered the plea. In addition, the phone records would not have shown that he was legally innocent.[30] At the Sentencing Hearing, the Court cited Trial Counsel's effectiveness but preserved Defendant's right to pursue a post-

---

[27] *See* Appendix to Motion to Withdraw at A79-95.

[28] *See also, State v. Friend*, 1994 WL 234120, at *2 (Del. Super. May 12, 1994) (articulating a five part test for determining motions to withdraw a plea).

[29] *Rogers v. State*, 2018 W; 5881536, at *2 (Del. Nov. 8, 2018) (quoting *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007) ).

[30] At the Sentencing Hearing, Defendant again admitted his guilt. Sentencing Trans. at pg. 19.

conviction relief motion.[31] The Court also reviewed the plea colloquy, including n Defendant's admissions, and found there was no merit to his request to withdraw the plea.

Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[32] Trial Counsel had an obligation not to file frivolous motions.[33] Defendant's bases to withdraw the guilty plea or file a motion to suppress, and now, for a claim that Trial Counsel was ineffective, are unavailing. If the Court determines there was no attorney error, the Court need not address the prejudice part of the *Strickland* standard.[34]

## Claims Relating to the Phone Records

Defendant is particularly preoccupied with the phone records. During the course of Defendant's trial proceedings, the State provided defense counsel with phone records for cell phone # (571) 420-5777 (the "571 Phone"), belonging to a co-

---

[31] Sentencing Trans. at pgs. 2-9.

[32] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013). *See also, Florida v. Nixon*, 543 U.S. 175, 187 (counsel has duty to consult with client regarding important decisions, but is not required to obtain defendant's consent to every tactical decision); citing *Strickland*, 466 U.S. at 688; *Taylor v. Illinois*, 484 U.S. 400, 417–418 (1988).

[33] *State v. McGlotten*, 2011 WL 987534, at * 5 (Del. Super. Mar. 21, 2011), citing *State v. Pandiscio*, 1995 WL 339028, * 5 (Del. Super. May 17, 1995), *aff'd*, 1995 WL 715627 (Del. Oct. 25, 1995).

[34] *See Strickland*, 466 U.S. at 700.

defendant.[35]  According to the records, cell phone # 302-513-7570 (the "7570" number") repeatedly appears in the records and was believed to be associated with Defendant.  The State intended to show that the defendants were in contact with each other prior to the murder.  Defendant claims that the State fraudulently inserted this number into the 571 Phone records.  In response to this accusation, Trial Counsel subpoenaed the 571 Phone records directly from Sprint.  The records were received and sent to Defendant.[36]  Sprint certified the accuracy of the information provided.[37]  Trial Counsel, through the investigator, also tried to subpoena phone records for the 7570 number.  However, the phone company responded that it had no records for a phone associated with this number.

Moreover, after reviewing the entirety of the record, it is not reasonably probable that the phone records would have affected the course of the trial.  The 7570 number was not registered to Defendant, no witness attached the phone to him, his co-defendant could not recall Defendant's phone number, and the content of any phone calls or text messages were not known.  Therefore, it is unlikely the State would have relied on this evidence, and it was not exculpatory.  The State would have relied on numerous witnesses, including his co-defendant, who would have

---

[35] *See* Affidavit at D.I. # 49.

[36] *See* Affidavit at D.I. # 49, pg. 4.

[37] *Id.* at Exhibit D.

11

implicated Defendant in the murder. The phone records were irrelevant. There is no credible basis to believe anyone tampered with the phone records, nor any reason to think that Trial Counsel's efforts were ineffective.

### Defendant's Remaining Ineffective Assistance of Counsel Claims

Defendant's additional claims challenge the ballistics evidence, production of witness statements, efforts to find exculpatory evidence, and Trial Counsel's failure to request a bench trial and speedy trial.[38]

Since no firearms were found, nothing in the ballistics report would have inculpated Defendant. To the extent Defendant raised issues relating to the unfired cartridge, counsel confirmed that there was no manipulation of the records.[39]

The redacted witness statements were provided through discovery (subject to a protective order). Otherwise, the State was not required to disclose the witness statements until trial.[40] Trial Counsel fulfilled his duty to Defendant by informing him of the substance of the statements, but within the confines of the protective order.

---

[38] Defendant complains that there was a typographical error identifying his case number on a document he received from counsel. That challenge cannot support a claim of ineffectiveness nor has Defendant established any prejudice as a result.

[39] *See* D.I. # 64 at pgs. 32-33.

[40] Super. Ct. Crim. R. 26.2(a).

As part of the pre-sentence interview process, Defendant "informed the investigator that he shot the victim multiple times during a drug rip-off that went south."[41] If the case had proceeded to trial, the State was prepared to offer several witnesses to testify that Defendant recruited people to help with the armed robbery, that he confessed to the shooting, and that he was observed shooting the victim.[42] Although Trial Counsel hired a private investigator to assist with obtaining exculpatory evidence, Defendant's plea obviated the need to present such evidence.

Finally, nothing in the record supports Defendant's claim that he intended to proceed by way of a bench trial, and he waived the right to any trial when he entered his plea. Likewise, in March of 2017, Defendant agreed to delay trial until November.[43] As such, these claims are wholly unsupported by the record.

## MOTION TO WITHDRAW

Pursuant to Superior Court Criminal Rule 61(e)(7), if appointed counsel has considered all of the movants claims and found them so lacking that he cannot ethically advocate the claims, he may move to withdraw as counsel.[44] Counsel, and the Court, are required to review the entire record to determine whether there are any

---

[41] *See* Affidavit at pg. 2.

[42] *See* Affidavit at pg. 5 and State's Response at pg. 1.

[43] *See* D.I. # 18.

[44] *State v. Brochu*, 2015 WL 3429945, at *8 (Del. Super. May 26, 2015).

13

other substantial grounds that may justify relief.[45]  Collins conducted a thorough review of the record, considered each of Defendant's claims in depth, and determined that the claims lack merit.  An independent review of the record confirms Collins's analysis of the legal issues.  Therefore, the Motion to Withdraw should be granted.[46]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED and the Motion to Withdraw should be GRANTED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc:    Prothonotary

---

[45] *Id.*

[46] Collins fulfilled his obligations under Super. Ct. Crim. R. 61(e)(7) by providing Defendant notice that he may respond within 30 days of the filing of his motion.  According to Collins, Defendant acknowledged receipt of the motion and asked questions that were answered by his office.  More than sixty (60) days has passed since the filing of the motion and Defendant has not filed a response, nor asked Collins for assistance with filing a response. *See* D.I. # 65.

14