# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                          )
    v.                 )   I.D. No.  2306000765
                          )
MYRON PRITCHETT,    )
                          )
    Defendant.      )

Date submitted: May 19, 2025
Date decided: July 11, 2025

## ORDER

*Upon Defendant's Motion to for Postconviction Relief:* **DENIED**.

### *Introduction*

1.     Myron Pritchett ("Pritchett"), while represented by counsel, accepted a plea offer, and after the Court found that he did so knowingly, voluntarily, and intelligently, the Court accepted the plea and sentenced Pritchett according to the parties' recommendation. Pritchett did not appeal, but filed a *pro se* Motion for Postconviction Relief. Because the issues Pritchett raises in the motion were not properly raised before entering into the plea, the motion is procedurally barred by Superior Court Criminal Rule 61(i)(3). Additionally, the procedural defects Pritchett complains of in the postconviction motion were waived by knowingly, voluntarily,

and intelligently entering into the Plea Agreement. Therefore, the Motion for Postconviction Relief is **SUMMARILY DENIED**.

*Procedural History*

2. Pritchett was indicted on November 20, 2023, on one count of Drug Possession and one count of Possession of a Firearm by a Person Prohibited.[1] A December 4, 2023, Scheduling Order set the First Case Review for January 29, 2024 and trial for March 4, 2024.[2] Trial was later rescheduled to July 15, 2024.[3]

3. On July 3, 2024, Pritchett's counsel filed a Motion for a Continuance of the trial, which was granted. Trial was then scheduled for September 9, 2024.

4. On August 9, 2024, Pritchett's counsel filed a Motion to Withdraw.[4] The motion was scheduled for a hearing on September 9, and trial was continued to October 18, 2024.[5] The Court granted the Motion to Withdraw at the September 9 hearing and directed Pritchett to identify his new counsel within a week.[6]

5. Not having identified new counsel, on September 20, 2024, Pritchett, *pro se*, filed a Motion to Suppress, challenging the sufficiency of the search warrant,[7] a Motion to Disclose Identity of the Confidential Informant,[8] and a Motion to

---

[1] D.I. 2.
[2] D.I. 4.
[3] D.I. 13.
[4] D.I. 18.
[5] D.I. 18, 20.
[6] D.I. 21.
[7] D.I. 23.
[8] D.I. 25.

Compel Discovery, seeking information about any involved officers' prior bad acts or misconduct.[9]

6.  Pritchett was advised that his Motion to Suppress was untimely because such a motion was due within 20 days after the January 29 First Case Review and that he would need to file a motion to enlarge time.[10]  Further, Pritchett had not received Court approval to proceed *pro se*.  Therefore, at an October 7 hearing, Pritchett's motions were continued for four weeks to allow time for him to retain new counsel.[11]  Trial was rescheduled for January 27, 2025.[12]

7.  New counsel appeared in the case in October 2024 and requested that Pritchett's motions be removed from the November 4, 2024 calendar.  The motions were then denied as moot.[13]

8.  New counsel served a Discovery Request on the State and filed an unopposed Motion to Enlarge Time to December 19, 2024, for filing any motions, which was granted.[14]  No motions were filed.

9.  The State responded to the Discovery Request on January 2, 2025.[15]

---

[9] D.I. 27.
[10] D.I. 24.
[11] *See* October 7 docket notes.
[12] D.I. 31.
[13] *See* October 30 docket notes.
[14] D.I. 37, 38.
[15] 40.

10. At the Final Case Review on January 13, 2025, Pritchett pled guilty to Drug Possession and Possession of Ammunition by a Person Prohibited ("PABPP"). In the Plea Agreement, the State and Defendant agreed to recommend the following sentence: Drug Possession – 2 years at Level V, suspended for 1 year at Level III; PABPP – 8 years at Level V, suspended for 1 year at Level III. Pritchett signed the Plea Agreement. He also signed the Truth-In-Sentencing ("TIS") form, affirming that he was waiving certain constitutional rights, including his right to a trial by jury, the right to question the witnesses against him, and to present evidence in his defense. Pritchett also affirmed that he was satisfied with his counsel's representation, he was fully advised of his rights, and he voluntarily and freely accepted the plea.

11. The Court held a detailed colloquy with Pritchett, during which Pritchett pled guilty to Drug Possession and PABPP and admitted that he was pleading guilty because he was in fact guilty of these crimes.[16] Pritchett also confirmed that he: (i) answered the questions in the TIS truthfully;[17] (ii) understood he would not have a trial; (iii) would have no opportunity to present evidence in his own defense;[18] (iv) was not forced or threatened into entering into the Plea

---

[16] FTR at 3:48-3:39.
[17] *Id.* at 3:50.
[18] *Id.*

Agreement;[19] (v) had a full opportunity to review the Plea Agreement with his counsel;[20] and (vi) was satisfied with counsel's representation.[21]

12.     The Court found that Pritchett was entering into the agreement knowingly, voluntarily, and intelligently, and accepted the guilty plea. The Court followed the parties' recommendation for sentencing.[22]

13.     Pritchett did not file an appeal.

***The Motion***

14.     On May 19, 2025, Pritchett filed a *pro se* Motion for Postconviction Relief along with a Memorandum of Law in support (the "Motion").[23] Pritchett makes three arguments: (1) the search warrant for his home, vehicles, and person lacked probable cause; (2) his Sixth Amendment right to confront witnesses was violated because the identity of the confidential informant, relied upon in the search warrant, was never revealed; and (3) the State failed to produce material impeachment evidence as it did not disclose any of the officers' prior misconduct, which could have been used to challenge the credibility of the affidavit in support of the search warrant. These errors, Pritchett argues, "resulted in a trial fundamentally

---

[19] *Id.* at 3:51.
[20] *Id.* at 3:52.
[21] *Id.*
[22] D.I. 42.
[23] D.I. 43, 44.

5

unfair and unreliable" and precluded defense counsel's "ability to meaningfully cross-examine or challenge the State's narrative."

***Standard of Review***

    **A.**      ***Superior Court Criminal Rule 61***

15.      Rule 61 is the exclusive remedy for those "in custody under a sentence in this court seeking to set aside the judgment of conviction."[24] The rule "is intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[25] Thus, the rule balances finality "against … the important role of the courts in preventing injustice."[26]

16.      Before addressing the merits of a defendant's motion for postconviction relief, however, the court must review the motion to determine whether any of Rule 61(i)'s procedural bars apply.[27] If a motion is procedurally barred, the court will not consider the merits of the postconviction motion.[28]

17.      First, a motion for postconviction relief will be barred if it is: (1) filed more than one year after the conviction becomes final;[29] or (2) if it asserts a newly

---

[24] Super. Ct. Crim. R. 61(a)(1).
[25] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[26] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[27] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990); *Duffy v. State*, 204 A.2d 113 (TABLE), 2019 WL 459982 (Del. Feb. 5, 2019).
[28] *Id.*
[29] "A judgment of conviction is final . . . [30 days after the Court imposes sentence] if the defendant does not file a direct appeal." Super. Ct. Crim. R. 61(i)(1).

recognized, retroactively applied, right more than one year after the right was first recognized.[30]

18.  Second, subsequent motions for postconviction relief are generally barred as repetitive.[31]  The court will consider a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[32] or (2) the application of a newly recognized, retroactively applied, rule of constitutional law rendering the conviction invalid.[33]

19.  Third, grounds "for relief not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[34]  Finally, grounds for relief formerly adjudicated are procedurally barred.[35]

**B.**  *Analysis*

20.  The Motion is timely, and it is Pritchett's first postconviction relief motion, and thus, it is not repetitive.  Accordingly, it is not barred by Rule 61(i)(1) or (2).

---

[30] *Id.*
[31] Super. Ct. Crim. R. 61(i)(2).
[32] Super. Ct. Crim. R. 61(d)(2)(i).
[33] Super. Ct. Crim. R. 61(d)(2)(ii).
[34] Super. Ct. Crim. R. 61(i)(3).
[35] Super. Ct. Crim. R. 61(i)(4).  The procedural bars in Rule 61 (i)(1)-(4) do not apply to a claim that the court lacked jurisdiction, or to a claim plead with particularity that (x) new evidence strongly infers the defendant is actually innocent or (y) a new rule of constitutional law, made retroactive, applies to the defendant's case and renders the conviction invalid.  Rule 61(i)(5).

21. Under Rule 61(i)(3), grounds not previously raised (except for ineffective assistance of counsel) cannot be raised in a postconviction motion. While Pritchett filed motions asserting the same arguments he asserts in the Motion, the previous motions were procedurally improper because they were either filed by Pritchett *pro se* when he did not have court approval to do so or was otherwise untimely. The motions were withdrawn. When new counsel appeared in the case, she was granted an extension of time to file any motion. No motions were filed. Pritchett then accepted the plea offer.

22. Because Pritchett did not raise an objection to the search warrant, discovery, or the lack of disclosure of the confidential informant and did not attempt to establish cause for relief from the procedural default or actual prejudice, he cannot now raise these issues in a postconviction motion. Therefore, the Motion is procedurally barred under subsection (i)(3).

23. Additionally, absent cause, "a defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors or defects preceding the entry of the plea."[36] "To establish cause, the movant must demonstrate that an external impediment prevented him from raising the issue earlier" and that

---

[36] *Terrero-Ovalles v. State*, 211 A.3d 1107 (TABLE), 2019 WL 2355019, at *1-2 (Del. June 3, 2019).

8

he suffered actual prejudice.[37]  "Absent clear and convincing evidence to the contrary," a defendant is bound by his representations during the plea colloquy.[38]

24.  Here, Pritchett signed the TIS and Plea Agreement, confirming he understood that he was waiving the identified constitutional rights, including his right to a trial, to confront witnesses, and to present evidence in his own defense. The Court also engaged in a thorough colloquy with Pritchett at the plea hearing. Pritchett affirmed that he was not forced or threatened into accepting the plea, he fully understood his rights, and he was satisfied with his counsel's representation. Further, he admitted that he committed the offenses of Drug Possession and PABPP. Pritchett is bound by his representations.  Pritchett's knowing, voluntary, and intelligent guilty plea bars his challenge to the sufficiency of the evidence against him and any alleged procedural defects.[39]

---

[37] *Id.* at *1.

[38] *Miller v. State,* 840 A.2d 1229, 1231 (Del. 2003); *Hopkins v. State*, 309 A.3d 423 (TABLE), 2023 WL 8296427, at *2 (Del. Dec. 1, 2023); *Dawud v. State,* 226 A.3d 201 (TABLE), 2020 WL 917345, at *2 (Del. Feb. 26, 2020) ("As a result of his knowing, intelligent, and voluntary guilty plea, Dawud has waived his claims concerning the sufficiency of the evidence, the timing of the preliminary hearing and indictment, the credibility of the person who reported him to the police, the lack of a victim, the amount of bail, and his *Miranda* rights.").

[39] *See Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008), (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003) (the Delaware Supreme Court has "long held that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of [a] plea.")).

25. The Motion for Postconviction Relief is ***SUMMARILY DISMISSED***.

**IT IS SO ORDERED.**

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

Original to Prothonotary
cc:    Myron Pritchett
       Jeffrey Rigby, Esq.